**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
Tel: (212) 813-8800
Fax: (212) 355-3333
Emanuel C. Grillo
Matthew L. Curro
Christopher Newcomb

*- and -*

**TOGUT, SEGAL & SEGAL LLP**
One Penn Plaza, Suite 3335
New York, New York 10119
Tel: (212) 594-5000
Frank A. Oswald
David A. Paul
Leo Muchnik

*Proposed Co-Counsel to the*
*Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| PERSONAL COMMUNICATIONS DEVICES, LLC, | ) ) | Case No. 13- |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Employer Tax I.D. No. 26-2744171 | ) ) |  |
|  | ) |  |
| In re | ) | Chapter 11 |
|  | ) |  |
| PERSONAL COMMUNICATIONS DEVICES HOLDINGS, LLC, | ) ) | Case No. 13- |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
| Employer Tax I.D. No. 26-2744096 | ) ) |  |

## MOTION OF THE DEBTORS FOR AN ORDER
### DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

Personal Communications Devices, LLC ("PCD") and Personal Communications Devices Holdings, LLC ("Holdings", and together with PCD, the "Debtors"), debtors and debtors in possession in the above-captioned chapter 11 cases (these "Chapter 11 Cases"), hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), directing the joint administration of these Chapter 11 Cases and the consolidation thereof for procedural purposes only. In support of this Motion, the Debtors respectfully state as follows:

### Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are sections 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Background

5. On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

6. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. No trustee, examiner, creditors' committee, or other official committee has been appointed in the Debtors' Chapter 11 Cases.

8. PCD, one of the above-captioned debtors, which is headquartered in Hauppauge, New York, distributes specialty mobile devices (feature phones, smartphones, wireless data cards) and accessories, and provides value-added services to mobile device manufacturers and wireless telecom carriers. Collectively, the Debtors act as a critical intermediary between domestic wireless carriers (*e.g.,* Verizon Wireless, Sprint, AT&T) and various foreign, generally smaller market, wireless handset manufacturers. In that role, PCD provides numerous product planning, logistics, reverse logistics, and after-market services that are designed to benefit and streamline the path to the end user for all sides of the wireless device supply chain.

9. The Debtors service domestic carriers by acting as the carrier's trusted partner in screening and qualifying new vendors to fill product lineups and by providing supply chain and technical services to bring those products to market. On the other side of the supply equation, the Debtors also work directly with various foreign wireless handset manufacturers to shepherd their products through all stages of product development in the domestic carrier market. In addition to working to bring devices to market, PCD also provides a full complement of authorized repair and warranty services to its domestic carrier clients.

10. In 2012, the Debtors generated $1.6 billion in revenue but suffered a loss of $16.9 million on a normalized basis. Due to a number of factors, including a shift in consumer preferences within the mobile device market and the damage inflicted upon the Debtors by its prior management, the Debtors' business has declined, such that their resulting cash flow is insufficient to meet the Debtors' debt service requirements. The Debtors have

3

sought chapter 11 protection to effect a sale of substantially all of their assets, which the Debtors believe will maximize the return to all stakeholders, as well as preserve the maximum number of jobs for PCD's current employees.

11.     A more detailed description of the Debtors' business, capital structure, and the circumstances leading to the chapter 11 filings is set forth in the *Declaration of Raymond F. Kunzmann in Support of Chapter 11 Petitions and First Day Motions and Applications* (the "First Day Declaration") filed contemporaneously herewith and incorporated herein by reference.[1]

### Relief Requested

12.     By this Motion, the Debtors seek entry of an order directing the joint administration of these Chapter 11 Cases and the consolidation thereof for procedural purposes only.  Many of the motions, applications, hearings, and orders that will arise in these Chapter 11 Cases will affect the Debtors jointly.  For that reason, the Debtors respectfully submit that their interests, as well as the interests of their creditors and other parties in interest, would be best served by the joint administration of these Chapter 11 Cases, for procedural purposes only.

13.     The Debtors further seek entry of an order directing the Clerk of the Court to maintain one file and one docket for the Chapter 11 Cases under the case of Personal Communications Devices, LLC.  In addition, the Debtors seek the Court's direction that separate docket entries be made on the dockets of each of the Chapter 11 Cases (except that of Personal Communications Devices, LLC) substantially as follows:

> "An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Personal Communications Devices, LLC and Personal Communications Devices Holdings, LLC that have concurrently

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the First Day Declaration.

> commenced chapter 11 cases. The docket in the chapter 11 case of Personal Communications Devices, LLC, Case No. 13-_____ should be consulted for all matters affecting this case."

The Debtors further request that the caption of these Chapter 11 Cases be modified as follows to reflect their joint administration:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
|  | ) |  |
| In re | ) | Chapter 11 |
|  | ) |  |
| PERSONAL COMMUNICATIONS | ) | Case No. 13- |
| DEVICES, LLC, *et al.*,[1] | ) | 13- |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Personal Communications Devices LLC, a Delaware limited liability company (4171) and Personal Communications Devices Holdings, LLC, a Delaware limited liability company (4096). The Debtors' mailing address is 80 Arkay Drive, Hauppauge, Suffolk County, NY 11788.

14.     The Debtors also seek authority to file the monthly operating reports required by the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, issued by the United States Trustee for Region 2, on a consolidated basis but intend to track and break out disbursements on a debtor-by-debtor basis in each monthly operating report.

### Basis For Relief

15.     Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." PCD is the wholly-owned subsidiary of Holdings. The Debtors, therefore, are "affiliates" within the meaning of section 101(2) of the Bankruptcy Code and, accordingly, this Court has the authority to grant the requested relief pursuant to Bankruptcy Rule 1015(b).

16. Joint administration of these Chapter 11 Cases will ease the administrative burden on this Court and all parties in interest. Joint administration of these Chapter 11 Cases will not prejudice creditors or other parties in interest because joint administration is purely procedural and will not impact the parties' substantive rights.

17. Courts in this District routinely order joint administration of related chapter 11 cases for procedural purposes. See, e.g., In re Global Aviation Holdings Inc., Case No. 12-40783 (CEC) (Bankr. E.D.N.Y. February 6, 2012) [Docket No. 30]; In re The Brown Publishing Co., Case No. 10-73295 (AST) (Bankr. E.D.N.Y. May 5, 2010) [Docket No. 27]; In re Changing World Technologies, Inc., Case No. 09-71487 (AST) (Bankr. E.D.N.Y. April 16, 2009) [Docket No. 42]; In re Caritas Health Care, Inc., Case No. 09-40901 (CEC) (Bankr. E.D.N.Y. Feb. 10, 2009) [Docket No. 28]; In re the Brooklyn Hospital Center, Case No. 05-26990 (CEC) (Bankr. E.D.N.Y. Sept. 30, 2005) [Docket No. 21]. Accordingly, based on the foregoing facts and authorities, the Debtors submit that the relief requested in this Motion should be granted.

**Reservation of Rights**

18. Nothing contained herein is intended or should be construed as an admission of the validity of any claim against the Debtors, a waiver of the Debtors' or any other party's rights to dispute any claim, or an approval of assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

**Notice**

19. Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the Eastern District of New York; (b) Edwards Wildman Palmer LLP as counsel to JPMorgan; (c) Latham & Watkins LLP as counsel to DLJ Investment Partners; (d) Patton Boggs LLP as counsel to PineBridge Investments; (e) Shipman & Goodwin LLP as counsel to U.S. Bank, N.A., (f) the Taxing Authorities; (g) the Internal Revenue Service; (h) the

Securities & Exchange Commission; (i) the Debtors' consolidated top thirty (30) largest unsecured creditors and (j) all other parties required to receive service under the Bankruptcy Rule 2002, Rules 2002-2 of the Local Bankruptcy Rules for the Eastern District of New York and the Guidelines for First Day Motions adopted by the Board of Judges for the United States Bankruptcy Court for the Eastern District of New York.  A copy of this Motion is also available on the website maintained by the Debtors' notice and claims agent, Epiq Systems, Inc.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

**No Prior Request**

20. No prior motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, (a) directing the joint administration of these Chapter 11 Cases and consolidating them for procedural purposes only pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b); and (b) granting such other and further relief as the Court deems appropriate.

Dated: August 19, 2013  
      New York, New York

Respectfully submitted,

 /s/ Emanuel C. Grillo  
**GOODWIN PROCTER LLP**  
The New York Times Building  
620 Eighth Avenue  
New York, New York 10018-1405  
Tel:  (212) 813-8800  
Fax:  (212) 355-3333  
Emanuel C. Grillo  
Matthew L. Curro  
Christopher Newcomb

*- and -*

**TOGUT, SEGAL & SEGAL LLP**  
One Penn Plaza, Suite 3335  
New York, New York  10119  
Tel:  (212) 594-5000  
Frank A. Oswald  
David A. Paul  
Leo Muchnik

*Proposed Co-Counsel to the  
Debtors and Debtors in Possession*