## **EXHIBIT B**

**Wuertz Declaration**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re | ) ) ) | Chapter 11 |
| PERSONAL COMMUNICATIONS DEVICES, LLC, *et al.*,[1] | ) ) ) | Case No. 13- 13- |
| Debtors. | ) ) ) | (Joint Administration Requested) |

**DECLARATION OF TODD W WUERTZ IN SUPPORT OF APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF EPIQ BANKRUPTCY SOLUTIONS, LLC AS NOTICE AND CLAIMS AGENT**

I, Todd W. Wuertz, under penalty of perjury, declare as follows:

1.      I am a Director of Consulting Services of Epiq Bankruptcy Solutions, LLC. The matters set forth herein are made of my own personal knowledge and, if called and sworn as a witness, I could and would testify competently thereto.[2]

2.      This Declaration is made in support of the Application of the Debtors for Entry of an Order Authorizing and Approving the Retention of Epiq as Notice and Claims Agent to Personal Communications Devices, LLC ("PCD") and Personal Communications Devices Holdings, LLC ("Holdings", and together with PCD, the "Debtors"), as debtors and debtors in possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), which has been

---

[1]    The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Personal Communications Devices, LLC, a Delaware limited liability company (4171) and Personal Communications Devices Holdings, LLC, a Delaware limited liability company (4096). The Debtors' mailing address is 80 Arkay Drive, Hauppauge, Suffolk County, NY 11788.

[2]    Certain of the disclosures herein relate to matters within the knowledge of other professionals at Epiq and are based on information provided by them.

filed contemporaneously herewith (the "Application").[3]

3. As agent and custodian of the Court records pursuant to 28 U.S.C. § 156(c), Epiq will perform, at the request of the Office of the Clerk of the Court (the "Clerk's Office"), the noticing and claims related services specified in the Application and the Services Agreement. In addition, at the Debtors' request, Epiq will perform such other noticing, claims, administrative, technical and support services specified in the Application and the Services Agreement.

4. Epiq is one of the country's leading chapter 11 administrators, with experience in noticing, claims administration, solicitation, balloting and facilitating other administrative aspects of chapter 11 cases. Epiq has substantial experience in the matters of this size and complexity, and has acted as the official notice and claims agent in many large bankruptcy cases pending in this District and other districts nationwide. See, e.g., In re RDA Holding Co., Case No. 13-22233 (Bankr. S.D.N.Y Feb. 17, 2013); In re Metro Fuel Corp., Case No. 12-46913 (Bankr. E.D.N.Y., Sep. 27, 2012); In re Sbarro, Inc., Case No. 11-11527 (Bankr. S.D.N.Y. Apr. 5, 2011); In re N. Am. Petroleum Corp., Case No. 10-11707 (Bankr. D. Del. May 28, 2010); In re U.S. Concrete, Inc., Case No. 10-11407 (Bankr. D. Del. Apr. 30, 2010); In re the Majestic Star Casino, LLC, Case No. 09-14136 (Bankr. D. Del. Nov. 24, 2009); In re Stallion Oilfield Servs., Ltd., Case No. 09-13562 (Bankr. D. Del. Oct. 20, 2009); In re Old Carco LLC (f/k/a Chrysler LLC), Case No. 09-50002 (Bankr. S.D.N.Y. May 4, 2009); In re Mark IV Industries, Inc., Case No. 09-12795 (Bankr. S.D.N.Y. May 4, 2009); In re Muzak Holdings, LLC, Case No. 09-10422 (Bankr. D. Del. Feb. 12, 2009); In re Flying J, Inc., Case No. 08-13384 (Bankr. D. Del. Jan. 14, 2009); In re Lyondell Chem. Co., Case No. 09-10023 (Bankr. S.D.N.Y. Jan. 7, 2009); In re

---

[3] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

Lehman Bros. Holdings Inc., Case No. 08-13555 (Bankr. S.D.N.Y. Sept. 16, 2008); In re Hines Horticulture, Inc., Case No. 08-11922 (Bankr. D. Del. Aug. 22, 2008); In re Frontier Airlines Holdings, Inc., Case No. 08-11298 (Bankr. S.D.N.Y. May 2, 2008).

    5.    Epiq represents, among other things, the following:

    (a)    Epiq is not a creditor of the Debtors;

    (b)    Epiq will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the notice and claims agent in these Chapter 11 Cases;

    (c)    By accepting employment in these Chapter 11 Cases, Epiq waives any rights to receive compensation from the United States government in its capacity as the notice and claims agent in these Chapter 11 Cases;

    (d)    In its capacity as the notice agent and claims agent in these Chapter 11 Cases, Epiq will not be an agent of the United States and will not act on behalf of the United States;

    (e)    Epiq will not employ any past or present employees of the Debtors in connection with its work as the notice and claims agent in these Chapter 11 Cases;

    (f)    In its capacity as notice and claims agent in these Chapter 11 Cases, Epiq will not intentionally misrepresent any fact to any person;

    (g)    Epiq shall be under the supervision and control of the Clerk's Office with respect to the receipt and recordation of claims and claim transfers; and

    (h)    None of the services provided by Epiq as notice and claims agent in these Chapter 11 Cases shall be at the expense of the Clerk's Office.

    6.    To the best of my knowledge, and based solely upon information provided to me by the Debtors, and except as provided herein, neither Epiq, nor any employee thereof, has any materially adverse connection to the Debtors, their creditors or other relevant parties. Epiq may have relationships with certain of the Debtors' creditors as vendors or in connection with cases in which Epiq serves or has served in a neutral capacity as noticing, claims and balloting agent for another chapter 11 debtor.

7. In addition, Epiq personnel may have relationships with some of the Debtors' creditors or other parties in interest. However, to the best of my knowledge, such relationships, to the extent they exist, are of a personal nature and completely unrelated to these Chapter 11 Cases. Epiq has and will continue to represent clients in matters unrelated to these Chapter 11 Cases. In addition, Epiq has had and will continue to have relationships in the ordinary course of its business with certain vendors, professionals and other parties in interest that may be involved in the Debtors' cases in matters unrelated to these cases. Epiq may also provide professional services to entities or persons that may be creditors or parties in interest in these Chapter 11 Cases, which services do not directly relate to, or have any direct connection with, these Chapter 11 Cases or the Debtors. To the best of my knowledge, neither Epiq, nor any employees thereof, represents any interest materially adverse to the Debtors' estates with respect to any matter upon which Epiq is to be engaged. Based on the foregoing, I believe that Epiq is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

8. Although, pursuant to the Application, the Debtors do not propose to retain Epiq under section 327 of the Bankruptcy Code (such retention will be sought by separate application), Epiq has nonetheless reviewed its electronic database to determine whether it has any relationships with the entities provided by the Debtors. At this time, we are not aware of any relationship which would present a disqualifying conflict of interest. Should Epiq discover any new relevant facts or relationships bearing on the matters described herein during the period of its retention, Epiq will use reasonable efforts to file promptly a supplemental declaration.

9. Epiq shares a corporate parent with certain companies that provide integrated technology products and services to the legal profession for electronic discovery, class action settlements, financial transactions, chapters 7 and 13 bankruptcy, litigation, and regulatory

compliance. Given the legal and operational separateness of Epiq from its affiliates and the administrative nature of the services performed by such companies, Epiq does not believe that a conflict would arise solely from any relationship or claim of an Epiq affiliate or its corporate parent.

10. In performing the services of notice and claims agent, Epiq will charge the Debtors the rates set forth in the Services Agreement, which is attached as **Exhibit 1** to **Exhibit A** to the Application.

11. Epiq will comply with all requests of the Clerk's Office and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

Executed on August 19, 2013

*/s/ Todd W. Wuertz*
Todd W. Wuertz
Director, Consulting Services
Epiq Bankruptcy Solutions, LLC