UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | |
| ) | |
| PERSONAL COMMUNICATIONS ) | Case No.: 13-74303-ast |
| DEVICES, LLC, ) | Chapter 11 |
| ) | |
| Debtor. ) | |
| In re: ) | |
| ) | |
| PERSONAL COMMUNICATIONS ) | Case No.: 13-74304-ast |
| DEVICES HOLDINGS, LLC, ) | Chapter 11 |
| ) | |
| Debtor. ) | |

## ORDER DIRECTING JOINT
## ADMINISTRATION OF RELATED CHAPTER 11 CASES

Upon the motion (the "Motion")[1] of Personal Communications Devices, LLC ("PCD") and Personal Communications Devices Holdings, LLC ("Holdings", and together with PCD, the "Debtors"), debtors and debtors in possession in the above-captioned chapter 11 cases (these "Chapter 11 Cases"), for entry of an order (this "Order") directing the joint administration of these Chapter 11 Cases and the consolidation thereof for procedural purposes only; and upon the First Day Declaration; and this Court having found that it has jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334; and this Court having found that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that venue of these Chapter 11 Cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and this Court having reviewed the Motion and having heard statements in support of the Motion

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

at a hearing held before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and the First Day Declaration and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested in the Motion having been withdrawn or overruled on the merits; and after due deliberation thereon and good and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The above-captioned Chapter 11 Cases shall be jointly administered by the Court and consolidated for procedural purposes only under the case of In re Personal Communications Devices, LLC, *et al.* Case No. 13-74303.

3. The caption of the jointly administered cases shall read as follows:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
|  | ) |  |
| In re: | ) | Chapter 11 |
|  | ) |  |
| PERSONAL COMMUNICATIONS | ) | Case Nos.: 13-74303-ast |
| DEVICES, LLC, *et al.*,[1] | ) | 13-74304-ast |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Personal Communications Devices LLC, a Delaware limited liability company (4171) and Personal Communications Devices Holdings, LLC, a Delaware limited liability company (4096). The Debtors' mailing address is 80 Arkay Drive, Hauppauge, Suffolk County, NY 11788.

4. The Clerk of this Court shall make a docket entry in each of the Chapter 11 Cases (except that of Personal Communication Devices, LLC) substantially as follows:

> "An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Personal Communications Devices, LLC and Personal Communications Devices Holdings, LLC, which have concurrently commenced chapter 11 cases. The docket in the chapter 11 case of Personal Communication Devices, LLC, Case No. 13-74303, should be consulted for all matters affecting this case."

5. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

6. The Debtors are authorized to file their monthly operating reports required by the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, issued by the United States Trustee for Region 2, on a consolidated basis but shall track and break out disbursements on a debtor-by-debtor basis in each monthly operating report.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion.

8. Notwithstanding any applicability of any of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

10. Notwithstanding the relief granted in this Order, any creditor filing a proof of claim against any of the Debtors shall file such proof of claim in such Debtor's chapter 11 case.

11. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 11 Cases.



**Dated: August 21, 2013**  
**Central Islip, New York**

**Alan S. Trust**  
**United States Bankruptcy Judge**