UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PERSONAL COMMUNICATIONS | ) | Case Nos.: 13-74303-ast |
| DEVICES, LLC, *et al.*,[1] | ) | 13-74304-ast |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**ORDER SHORTENING TIME WITH RESPECT TO HEARING ON DEBTORS' MOTION FOR ENTRY OF ORDER APPROVING BIDDING PROCEDURES RELATING TO THE SALE OF THE DEBTORS' ASSETS; (II) APPROVING BID PROTECTIONS; (III) SCHEDULING A HEARING TO CONSIDER THE SALE; (IV) APPROVING THE FORM AND MANNER OF NOTICE OF SALE BY AUCTION; (V) ESTABLISHING PROCEDURES FOR NOTICING AND DETERMINING CURE AMOUNTS; (VI) SCHEDULING A HEARING ON THE PROPOSED SALE; AND (VII) GRANTING RELATED RELIEF**

Upon the *ex parte* motion (the "Motion")[1] of Personal Communications Devices, LLC ("PCD") and Personal Communications Devices Holdings, LLC ("Holdings", and together with PCD, the "Debtors"), debtors and debtors in possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), for authorization pursuant to Rules 2002(a)(2) and 9006(c) of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules") to shorten the notice period to be provided with respect to the Motion for Entry of an Order (I) Approving Bidding Procedures Relating to Sale of the Debtors' Assets; (II) Approving Bid Protections; (III) Scheduling a Hearing to Consider the Sale; (IV) Approving the Form and Manner of Notice of Sale by Auction; (V) Establishing Procedures for Noticing and Determining Cure Amounts; and (VI) Granting Related Relief (the "Bidding Procedures Motion"),[2] and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it

---

[1] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

[2] The Debtors have also sought, among other relief, approval for the sale of substantially all of their assets in the Bidding Procedures Motion. Consideration of this relief will occur at the Approval Hearing, which will be scheduled by the Court at a later date.

appearing that venue of these Chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and it appearing that no notice of the relief requested in the Motion need be provided; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The hearing to consider the approval of the Bidding Procedures Motion shall be held on **September 4, 2013, at 10:00 a.m.** prevailing Eastern Time before the Honorable Alan S. Trust, United States Bankruptcy Judge, United States Bankruptcy Court, in Courtroom 960 of the Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722 (the "Hearing").

3. Any objections to the Bidding Procedures Motion shall be filed with the court and served on the following parties so that they are actually received by no later than **August 30, 2013, at 12:00 p.m.** prevailing Eastern Time: (i) counsel to the Debtors, Goodwin Procter LLP, The New York Times Building, 620 Eighth Avenue, New York, NY 10018-1405 (Attention: Emanuel C. Grillo & Matthew L. Curro); (ii) counsel to all official committees; (iii) counsel for the Office of the United States Trustee, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722 (Attn: Alfred M. Dimino); (iv) counsel to JPMorgan Chase, Edwards Wildman Palmer LLP, 111 Huntington Avenue, Boston, MA 02199-7613 (Attn: David Ruediger and Charles L. Glerum); (v) counsel to PineBridge Investments, Patton Boggs LLP, 2000 McKinney Ave, Suite 1700, Dallas, Texas 75201 (Attn: Adam S. Connatser and

Mark Salzberg); (vi) counsel to DLJ Investment Partners, Latham & Watkins LLP, 885 Third Avenue, New York, NY 10022-4834 (Attn: Joshua Tinkelman and Adam J. Goldberg); and (vii) counsel to the Stalking Horse Bidder, Munsch Hardt Kopf & Harr PC, 3800 Lincoln Plaza, 500 N. Akard Street, Dallas, Texas 75201-6659 (Attn: Joseph J. Wielebinski).

4. Within **one (1) business day** of entry of this Order, the Debtors shall serve this Order by email, fax, or if the foregoing are unavailable, by overnight mail, on (a) the Office of the United States Trustee for the Eastern District of New York; (b) Edwards Wildman Palmer LLP as counsel to JPMorgan; (c) Latham & Watkins LLP as counsel to DLJ Investment Partners; (d) Patton Boggs LLP as counsel to PineBridge Investments; (e) Shipman & Goodwin LLP as counsel to U.S. Bank, N.A., (f) Munsch Hardt Kopf & Harr PC as counsel to the Stalking Horse, (g) the Debtors' consolidated top thirty (30) largest unsecured creditors, (h) all parties who have expressed an interest in purchasing the Debtors' assets or who the Debtors believe may have an interest in purchasing the Debtors' assets; and (i) all other parties required to receive service under Local Rule 2002-2.

5. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6. This Court retains jurisdiction with respect to all matters arising from or related to the enforcement of this Order.



**Dated: August 21, 2013**  
**Central Islip, New York**

_____  
**Alan S. Trust**  
**United States Bankruptcy Judge**