UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re | ) ) ) | Chapter 11 |
| PERSONAL COMMUNICATIONS DEVICES, LLC, *et al.*,[1] | ) ) ) | Case No.  13-74303<br>13-74304 |
| Debtors. | ) ) ) | (Joint Administration Requested) |

**ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 331
ESTABLISHING PROCEDURES FOR MONTHLY COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Personal Communications Devices, LLC and Personal Communications Devices Holdings, LLC, debtors and debtors-in-possession (collectively, the "Debtors"), move, by a motion dated September 5, 2013 (the "Motion")[2] for an order, pursuant to §§ 105(a) and 331 of the United States Bankruptcy Code (the "Code"), establishing procedures for monthly compensation and reimbursement of expenses of professionals retained by order of this Court, and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, and creditors; and it appearing that proper and adequate notice has been given and that no other or further notice is necessary; and upon the record of the hearing herein; and upon the representation of the Debtors that this estate is administratively solvent; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are:  Personal Communications Devices, LLC, a Delaware limited liability company (4171) and Personal Communications Devices Holdings, LLC, a Delaware limited liability company (4096). The Debtors' mailing address is 80 Arkay Drive, Hauppauge, Suffolk County, NY 11788.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

**HEREBY ORDERED THAT**

1. Except as may otherwise be provided in Court orders authorizing the retention of specific Professionals, all Professionals in this case may seek monthly compensation in accordance with the following Compensation Procedures:

(a) On or before the twentieth (20th) day of each month following the month for which compensation is sought, each Professional seeking compensation under this Order will serve a monthly statement, by hand or overnight delivery, on Raymond F. Kunzmann, the officer designated by the Debtors as responsible for such matters, and the following parties (collectively, the "Notice Parties"):

| Debtors' Counsel | Counsel to all Official Committees |
|---|---|
| Goodwin Procter LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, New York 10018<br>Attn:    Emanuel C. Grillo<br>           (egrillo@goodwinprocter.com)<br>           Matthew L. Curro<br>           (mcurro@goodwinprocter.com) | Perkins Coie LLP<br>30 Rockefeller Plaza<br>22nd Floor<br>New York, New York 10112<br>Attn:   Schuyler G. Carroll, Esq.<br>          (scarroll@perkinscoie.com)<br>          Tina N. Moss<br>          (tmoss@perkinscoie.com |
| **Counsel to JPMorgan Chase** | **Counsel to PineBridge Investments** |
| Edwards Wildman Palmer LLP<br>111 Huntington Avenue<br>Boston, Massachusetts 02199<br>Attn:    David L. Ruediger<br>           (druediger@edwardswildman.com)<br>           Charles L. Glerum<br>           (cglerum@edwardswildman.com) | Patton Boggs LLP<br>2000 McKinney Avenue<br>Suite 1700<br>Dallas, Texas 75201<br>Attn:    J. Maxwell Tucker<br>           (mtucker@pattonboggs.com)<br>           Mark A. Salzberg<br>           (msalzberg@pattonboggs.com) |
| **Counsel to DLJ Investment Partners** | **Office of the United States Trustee** |
| Latham & Watkins LLP<br>885 Third Avenue<br>New York, New York 10022<br>Attn:    Joshua A. Tinkelman<br>           (joshua.tinkelman@lw.com)<br>           Adam J. Goldberg<br>           (adam.goldberg@lw.com) | Office of the United States Trustee<br>Alfonse D'Amato Federal Courthouse<br>560 Federal Plaza<br>Central Islip, New York 11722<br>Attn:    Alfred M. Dimino |

(b) The monthly statement need not be filed with the Court and a courtesy copy need not be delivered to the presiding judge's chambers, because this Order is not intended to alter the fee application requirements outlined in §§ 330 and 331 of the Code and because professionals are still required to serve and file interim and

        final applications for approval of fees and expenses in accordance with the relevant provisions of the Code, the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court, Eastern District of New York;

(c)     Each monthly fee statement must contain a list of the individuals and their respective titles (e.g. attorney, accountant, or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred (no Professional should seek reimbursement of an expense which would otherwise not be allowed pursuant to the applicable United States Trustee Guidelines, and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour;

(d)     Each person receiving a statement will have at least fifteen (15) days after its receipt to review it and, in the event that he or she has an objection to the compensation or reimbursement sought in a particular statement, he or she shall, by no later than the thirty-fifth (35th) day following the month for which compensation is sought, serve upon the Professional whose statement is objected to, and the other persons designated to receive statements in paragraph (a), a written "Notice Of Objection To Fee Statement," setting forth the nature of the objection and the amount of fees or expenses at issue;

(e)     At the expiration of the thirty-five (35) day period, if no objection is served in accordance with paragraph (d), the Debtors shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each monthly statement;

(f)     If the Debtors receive an objection to a particular fee statement, they shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e);

(g)     If the parties to an objection are able to resolve their dispute following the service of a Notice Of Objection To Fee Statement and if the party whose statement was objected to serves on all of the parties listed in paragraph (a) a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the debtor shall promptly pay, in accordance with paragraph (e), that portion of the fee statement which is no longer subject to an objection;

(h)     All objections that are not resolved by the parties, shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court. See paragraph (j), below;

(i)     The service of an objection in accordance with paragraph (d) shall not prejudice the objecting party's right to object to any fee application made to the Court in

        accordance with the Code on any ground, whether raised in the objection or not. Furthermore, the decision by any party not to object to a fee statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Code;

(j)     Approximately every 120 days, but no less frequently than every 150 days, each of the Professionals shall serve and file with the Court an application for interim or final Court approval and allowance, pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be), of the compensation and reimbursement of expenses previously paid;

(k)     Any Professional who fails to file an application seeking approval of compensation and expenses previously paid under this Order within the time frame set forth in subparagraph (j) above shall (1) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of the Court and (2) may be required to disgorge any fees paid since the last fee application (or, if no fee application has been filed by such Professional, since retention);

(l)     The pendency of an objection or the entry of a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court;

(m)     Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any Professionals.

(n)     Any Professional that holds a retainer from the Debtors shall obtain the permission of the Court before applying that retainer to payment of compensation or reimbursement of expenses.

2.     Each Professional may seek, in its first request for compensation and reimbursement of expenses pursuant to this Order, compensation for work performed and reimbursement for expenses incurred during the period beginning on the date of the Professional's retention and ending on September 30, 2013.

3.     The amount of fees and disbursements sought be set out in U.S. dollars.

4. The Debtors shall include all payments to professionals on their monthly operating reports, detailed so as to state the amount paid to each of the Professionals.

5. Any party in interest may file a motion seeking modification or suspension of monthly payments to Professionals pursuant to this order on any applicable grounds, including that the Debtors have not timely filed monthly operating reports, or remained current with their administrative expenses and 28 U.S.C. § 1930 fees, and in such event no further payments shall be made pursuant to this order until such motion is resolved.

6. All time periods set forth in this Order shall be calculated in accordance with Federal Rule of Bankruptcy Procedure 9006(a).

7. This Court shall retain jurisdiction to construe and enforce the terms of this Order.



**Dated: September 23, 2013**  
**Central Islip, New York**

_____  
**Alan S. Trust**  
**United States Bankruptcy Judge**