Presentment Date:  October 10, 2013 at Noon (Prevailing Eastern Time)
Objection Deadline:  October 10, 2013 at 11:30 a.m. (Prevailing Eastern Time)

**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
Tel:  (212) 813-8800
Fax:  (212) 355-3333
Emanuel C. Grillo
Matthew L. Curro
Christopher Newcomb

*- and -*

**TOGUT, SEGAL & SEGAL LLP**
One Penn Plaza, Suite 3335
New York, New York  10119
Tel:  (212) 594-5000
Frank A. Oswald
David A. Paul
Leo Muchnik

*Co-Counsel to the*
*Debtors and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re | Chapter 11 |
| PERSONAL COMMUNICATIONS DEVICES, LLC, *et al.*,[1] | Case No.  13-74303 (AST)<br>13-74304 (AST) |
| Debtors. | (Jointly Administered) |

**NOTICE OF PRESENTMENT OF MOTION OF THE DEBTORS TO AMEND ORDER (I) AUTHORIZING PAYMENT OF PREPETITION CLAIMS OF SHIPPERS, WAREHOUSEMEN, CUSTOMS BROKERS, AND OTHER TRANSPORTATION LIEN CLAIMANTS AND (II) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

---

[1]    The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are:  Personal Communications Devices, LLC, a Delaware limited liability company (4171) and Personal Communications Devices Holdings, LLC, a Delaware limited liability company (4096). The Debtors' mailing address is 80 Arkay Drive, Hauppauge, Suffolk County, NY 11788.

**PLEASE TAKE NOTICE** that the Motion (the "<u>Motion</u>") of the Debtors for entry of an order amending the order, entered September 23, 2013, [Dkt. No. 127] (i) authorizing, but not directing, the Debtors to pay certain prepetition claims of shippers, warehousemen, customs brokers, and other transportation lien claimants, and (ii) authorizing banks and financial institutions to receive, process, honor, and pay all checks and electronic funds transfers related thereto shall be presented to the Honorable Alan S. Trust, United States Bankruptcy Judge, United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York 11722-9013, Courtroom No. 960, on **October 10, 2013 at Noon** (Prevailing Eastern Time) (the "<u>Presentment Date</u>"), or as soon thereafter as the Court deems appropriate, unless a party in interest objects or the Court determines a hearing is warranted.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must be in writing, shall state with particularity the grounds therefor and shall be filed with the Clerk of the Bankruptcy Court and served on the undersigned counsel for the Debtors so as to be filed no later than **October 10, 2013 at 11:30 a.m.** (Prevailing Eastern Time) (the "<u>Objection Deadline</u>").

**PLEASE TAKE FURTHER NOTICE** that if an objection is timely filed to the relief requested, or if the Court determines a hearing is appropriate, the Court will schedule a hearing. Notice of such hearing will be provided by the Debtors.

Dated: October 3, 2013
      New York, New York

Respectfully submitted,

*/s/ Emanuel C. Grillo*

**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
Tel:  (212) 813-8800
Fax:  (212) 355-3333
Emanuel C. Grillo
Matthew L. Curro
Christopher Newcomb

*- and -*

**TOGUT, SEGAL & SEGAL LLP**
One Penn Plaza, Suite 3335
New York, New York  10119
Tel:  (212) 594-5000
Frank A. Oswald
David A. Paul
Leo Muchnik

*Proposed Co-Counsel to the
Debtors and Debtors in Possession*

**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
Tel:  (212) 813-8800
Fax:  (212) 355-3333
Emanuel C. Grillo
Matthew L. Curro
Christopher Newcomb

*- and -*

**TOGUT, SEGAL & SEGAL LLP**
One Penn Plaza, Suite 3335
New York, New York  10119
Tel:  (212) 594-5000
Frank A. Oswald
David A. Paul
Leo Muchnik

*Co-Counsel to the*
*Debtors and Debtors in Possession*


UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| PERSONAL COMMUNICATIONS | ) | Case No.  13-74303 (AST) |
| DEVICES, LLC, *et al.*,[2] | ) | 13-74304 (AST) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |


**MOTION OF THE DEBTORS TO AMEND ORDER (I) AUTHORIZING
PAYMENT OF PREPETITION CLAIMS OF SHIPPERS, WAREHOUSEMEN, CUSTOMS BROKERS,
AND OTHER TRANSPORTATION LIEN CLAIMANTS AND (II) AUTHORIZING FINANCIAL
INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

---

[2]    The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax
identification number, are:  Personal Communications Devices, LLC, a Delaware limited liability company
(4171) and Personal Communications Devices Holdings, LLC, a Delaware limited liability company (4096).
The Debtors' mailing address is 80 Arkay Drive, Hauppauge, Suffolk County, NY 11788.

Personal Communications Devices, LLC ("PCD") and Personal Communications Devices Holdings, LLC ("Holdings", and together with PCD, the "Debtors"), debtors and debtors in possession in the above-captioned chapter 11 cases (these "Chapter 11 Cases") hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), amending the order, entered September 23, 2013, [Dkt. No. 127] (i) authorizing, but not directing, the Debtors to pay certain prepetition claims of shippers, warehousemen, customs brokers, and other transportation lien claimants, and (ii) authorizing banks and financial institutions to receive, process, honor, and pay all checks and electronic funds transfers related thereto (the "Shippers and Warehousemen Order").  In support of this Motion, the Debtors respectfully represent:

**Jurisdiction and Venue**

1.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

4.      On the date hereof (the "Petition Date"), the Debtors commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

5.      The Debtors continue to operate their business and manage their properties as a debtors in possession as authorized by sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On August 26, 2013, the United States Trustee formed the official committee of unsecured creditors (the "Committee").

7.      On August 20, 2013, the Debtors filed a Motion for an Order (I) Authorizing Payment of Prepetition Claims of Shippers, Warehousemen, Customs Brokers, and Other

Transportation Lien Claimants and (II) Authorizing Financial Institutions To Honor and Process Related Checks and Transfers [Dkt. No. 13] (the "Shippers and Warehousemen Motion").

8.     On September 23, 20013, the Bankruptcy Court entered the Shippers and Warehousemen Order which, among other things, authorized the Debtors to make payments to certain Lien Claimants[3] up to $912,000.  Subsequent to the filing of these Chapter 11 Cases and entry of the Shippers and Warehousemen Order, the Debtors have discovered that the amount owed to the Lien Claimants is greater than originally estimated.  The Debtors believe that, as of the Petition Date, the amount owed to such Lien Claimants is $1,350,000.

**Relief Requested**

9.     By this Motion, the Debtors respectfully request that the Shippers and Warehousemen Order be modified to permit the Debtors to make payments to Lien Claimants on account of related prepetition liabilities up to $1,350,000 (the "Amended Payment Cap").

10.    In this case, the Debtors underestimated certain of their prepetition liabilities owed to the Lien Claimants.  Specifically, the majority of the requested increase in the payment cap relates to additional payments owed to ATCLE, which is a third-party logistics company that provides kitting, packaging, storage and transportation services for certain products imported in a semi-knocked-down state by the Debtors for sale primarily to AT&T.  In connection with the Shippers and Warehousmen Motion, the Debtors projected the amount of prepetition payables outstanding based on average payments over the five prior months for which invoices were received.  Due to the level of products purchased by the Debtors, the amount of work performed by ATCLE in July and the first 19 days of August was greater than the historical average used in the Debtors' projections.  As described in the Shippers and Warehouseman Motion, maintaining

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Shippers and Warehousemen Motion.

the services of the Lien Claimants, including ATCLE, remains critically important.  As such, the Debtors respectfully request that the payment cap in the Shippers and Warehousemen Order be increased to the Amended Payment Cap.

11.     Relief is authorized pursuant to section 105(a) of the Bankruptcy Code and the terms of the Shippers and Warehousemen Order, which expressly reserved the jurisdiction of the Bankruptcy Court "with respect to all matters arising from or relating to the interpretation or implementation of" the Shippers and Warehousemen Order.  <u>See</u> Shippers and Warehousemen Order ¶ 11.

12.     Prior to filing this Motion, the Debtors notified the Committee and JPMorgan Chase Bank, N.A. ("<u>JPM</u>"), as administrative agent under the Debtors' debtor in possession credit facility.  Both the Committee and JPM have consented to the relief sought.

<u>**Notice**</u>

13.     Notice of this Motion has been provided to: (a) the Office of the United States Trustee for the Eastern District of New York; (b) Edwards Wildman Palmer LLP as counsel to JPMorgan; (c) Latham & Watkins LLP as counsel to DLJ Investment Partners; (d) Patton Boggs LLP as counsel to PineBridge Investments; (e) Shipman & Goodwin LLP as counsel to U.S. Bank, N.A., (f) Perkins Coie LLP, as counsel for the Committee, and (g) all other parties required to receive service under Rules 2002-2 of the Local Bankruptcy Rules for the Eastern District of New York.  A copy of this Motion is also available on the website maintained by the Debtors' notice and claims agent, Epiq Systems, Inc.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request entry of an order (i) modifying the Shippers and Warehousemen Motion to reflect the Amended Payment Cap and (ii) granting the Debtors such other and further relief as the Court deems just and proper.

Dated: October 3, 2013
   New York, New York

Respectfully submitted,

*/s/ Emanuel C. Grillo*
**GOODWIN PROCTER LLP**
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
Tel:  (212) 813-8800
Fax:  (212) 355-3333
Emanuel C. Grillo
Matthew L. Curro
Christopher Newcomb

*- and -*

**TOGUT, SEGAL & SEGAL LLP**
One Penn Plaza, Suite 3335
New York, New York  10119
Tel:  (212) 594-5000
Frank A. Oswald
David A. Paul
Leo Muchnik

*Proposed Co-Counsel to the*
*Debtors and Debtors in Possession*

**Exhibit A**

Proposed Order

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re | ) ) ) | Chapter 11 |
| PERSONAL COMMUNICATIONS DEVICES, LLC, *et al.*,[1] | ) ) ) | Case No. 13-74303 (AST) 13-74304 (AST) |
| Debtors. | ) ) ) ) | (Jointly Administered) |

**ORDER MODIFYING ORDER (I) AUTHORIZING PAYMENT OF
PREPETITION CLAIMS OF SHIPPERS, WAREHOUSEMEN, CUSTOMS
BROKERS, AND OTHER TRANSPORTATION LIEN CLAIMANTS AND (II) AUTHORIZING
FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS**

Upon the motion (the "Motion")[2] of Personal Communications Devices LLC ("PCD")

and Personal Communications Devices Holdings, LLC ("Holdings", and together with PCD, the

"Debtors"), the above-captioned debtors and debtors in possession, for an order amending the

order entered September 23, 2013 [Dkt. No. 127] (i) authorizing, but not directing, the Debtors to

pay prepetition claims of shippers, warehousemen, customs brokers, and other transportation lien

claimants and (ii) authorizing the Debtors' banks to receive, process, honor, and pay all checks

and electronic funds transfer requests relating to the foregoing (the "Original Shippers and

Warehousemen Order"), all as more fully described in the Motion; and the Court having subject

matter jurisdiction to consider the Motion and to grant the relief requested therein in accordance

with 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

---

[1]    The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are:  Personal Communications Devices, LLC, a Delaware limited liability company (4171) and Personal Communications Devices Holdings, LLC, a Delaware limited liability company (4096). The Debtors' mailing address is 80 Arkay Drive, Hauppauge, Suffolk County, NY 11788.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

pursuant to 28 U.S.C. §§ 1408 and 1409; and no trustee or examiner having been appointed in these Chapter 11 Cases; and due and proper notice of the Motion having been provided, and upon the record of all of the proceedings had before the Court; and no objections to the Motion having been filed; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT:**

1.      The Motion is granted.

2.      Notwithstanding paragraph 2 of the Original Shippers and Warehousemen Order, the Debtors are authorized, but not directed, to pay the prepetition claims of Lien Claimants in the ordinary course of the Debtors' business, up to an aggregate of $1,350,000, relating to undisputed prepetition claims that the Debtors, in their business judgment, determines are necessary and appropriate to (a) obtain release of critical or valuable Goods that may be subject to possessory liens, (b) maintain a reliable, efficient, and smooth distribution system, or (c) induce critical Lien Claimants to continue to carry goods and make timely deliveries.

3.      Except as specifically set forth herein, the terms of the Original Shippers and Warehousemen Order shall remain in full force and effect.

4.      This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

2