UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                :

In re:                                         :    Chapter 11

PERSONAL COMMUNICATIONS   :    Case No. 13-74303 (AST)
DEVICES LLC, et al.[1]

Debtors                             :    (Jointly Administered)

------------------------------------------------------------X

**FIRST INTERIM APPLICATION OF FTI CONSULTING, INC., FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF PERSONAL COMMUNICATIONS DEVICES LLC, *ET AL.* FOR INTERIM ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM AUGUST 26, 2013 THROUGH DECEMBER 31, 2013**

| | |
|---|---|
| Name of Applicant: | FTI Consulting, Inc. |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors of Personal Communications Devices LLC, *et al.* |
| Date of Retention: | September 23, 2013 (nunc pro tunc to August 26, 2013) |
| Compensation Period: | August 26, 2013 – December 31, 2013 |
| Amount of Compensation sought as actual, reasonable and necessary | $592,934.50 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary | $1,015.13 |

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Personal Communications Devices, LLC, a Delaware limited liability company (4171) and Personal Communications Devices Holdings, LLC, a Delaware limited liability company (4096). The Debtors' mailing address is 80 Arkay Drive, Hauppauge, Suffolk County, NY 11788.

NYC/767584.1

## Monthly Fee Statements for First Interim Period

| Period | Fees Requested (100% Fees) | Fees Due (80% Fees) | Holdback (20% Fees) | Expenses Requested (100% Expenses) | Amounts Paid to Date | Remaining Unpaid Amount |
|---|---|---|---|---|---|---|
| 08/26/13 - 09/30/13 | 285,177.50 | $228,142.00 | $57,035.50 | $261.32 | $228,403.32 | $57,035.50 |
| 10/01/13 - 10/31/13 | 225,709.50 | 180,567.60 | 45,141.90 | 241.41 | 180,809.01 | 45,141.90 |
| 11/01/13 - 11/30/13 | 47,544.50 | 38,035.60 | 9,508.90 | 32.15 | 38,067.75 | 9,508.90 |
| 12/01/13 - 12/31/13 | 34,503.00 | 27,602.40 | 6,900.60 | 480.25 | 0.00 | 34,983.25 |
| TOTAL | 592,934.50 | $474,347.60 | $118,586.90 | $1,015.13 | $447,280.08 | $146,669.55 |

# SUMMARY OF FEES

## PERSONAL COMMUNICATION DEVICES - CASE 13-75403
## FTI CONSULTING, INC.
## SUMMARY OF HOURS BY PROFESSIONAL
## FOR THE PERIOD AUGUST 26, 2013 THROUGH DECEMBER 31, 2013

| PROFESSIONAL | POSITION | BILLING RATE | HOURS | TOTAL FEES |
|---|---|---|---|---|
| Eisenband, Michael | Senior Managing Director | 895 | 38.2 | $34,189.00 |
| Joffe, Steven | Senior Managing Director | 895 | 1.6 | 1,432.00 |
| Katzenstein, Michael | Senior Managing Director | 895 | 57.5 | 51,462.50 |
| Schaeffer, Luke | Senior Managing Director | 895 | 3.3 | 2,953.50 |
| Tully, Conor | Senior Managing Director | 895 | 175.5 | 157,072.50 |
| Baumkirchner, Michael | Managing Director | 755 | 225.5 | 170,252.50 |
| Wada, Jarod J | Managing Director | 740 | 26.1 | 19,314.00 |
| Heinz, Peter | Director | 570 | 4.0 | 2,280.00 |
| Hofstad, Ivo J | Director | 560 | 4.0 | 2,240.00 |
| Barrett, Dennis | Senior Consultant | 540 | 266.4 | 143,856.00 |
| Holcombe V, Decatur | Senior Consultant | 500 | 8.3 | 4,150.00 |
| Hellmund-Mora, Marili | Associate | 250 | 23.0 | 5,750.00 |
| **Sub Total** | | | **833.4** | **$594,952.00** |
| Less: 50% discount for non-working travel time | | | | (2,017.50) |
| **Total** | | | **833.4** | **$592,934.50** |

**Blended Rate: $ 711.46**

FTI Consulting, Inc. (the "Applicant" or "FTI"), financial advisor to the Official Committee of Unsecured Creditors (the "Committee") of Personal Communication Devices, LLC, *et al.*, (collectively, the "Debtors"), hereby submits its First Interim Fee Application (the "Fee Application") pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for interim allowance of compensation for professional services performed by FTI for the period commencing August 26, 2013 through and including December 31, 2013 (the "First Interim Period") and reimbursement of its actual and necessary expenses incurred during the First Interim Period, and respectfully represents as follows:

## INTRODUCTION

1. FTI provided services to the Committee in accordance with the instructions and directions of the Committee. FTI is compensated on an hourly fee basis, plus reimbursement of actual and necessary expenses incurred by FTI.

2. By this Fee Application, FTI seeks allowance of (i) compensation for actual and necessary professional services rendered by FTI as financial advisor to the Committee for the First Interim Period in the amount of $592,934.50 and (ii) expense reimbursement for expenses incurred in the First Interim Period in the amount of $1,015.13, for a total of $593,949.63 for the First Interim Period.

3. This Fee Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in the Eastern District of New York Bankruptcy Cases effective as of June 10, 2013 [General Order 613] (the "General Order") and the Amended Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals, entered on September 23, 2013, (the "Interim Compensation Order") [Docket No. 135].

4. This Fee Application summarizes the services rendered by FTI on behalf of the Committee during the First Interim Period. While it is not possible or practical to describe each and every activity undertaken by FTI, FTI has maintained contemporaneous time records which include a detailed chronology of the daily services rendered, describing the precise nature of the work, the specific tasks performed, and the time expended by each professional. A breakdown of the hours and fees by professional is annexed hereto as **Exhibit A**. A breakdown of the hours and fees by task code is annexed hereto as **Exhibit B**. A detailed copy of the time records for the First Interim Period is annexed hereto as **Exhibit C** (a motion is being filed requesting that **Exhibit C** be sealed and therefore it is not attached to the version being filed with the court).

5. FTI has incurred out-of-pocket disbursements during the First Interim Period broken down into categories of charges itemized in **Exhibit D**. A detailed breakdown of these charges is annexed hereto as **Exhibit E.** Each charge incurred by FTI was necessary and reasonable, and was incurred as a direct result of FTI's representation of the Committee.

6. In accordance with the Interim Compensation Order, FTI has requested payment for 80% of the fees for actual and necessary services incurred during the First Interim Period in the amount $474,347.60 and for 100% of the expenses incurred during the First Interim Period in the amount of $1,015.13 for a total of $475,362.73. As of the current date, FTI has received 80% of requested fees and 100% of incurred expenses for all periods except December 2013 and as such has received $447,280.08. FTI submitted the following monthly statements (each a "Monthly Fee Statement") during the First Interim Period.

    (i) On October 25, 2013, FTI submitted its Monthly Fee Statement for the period of August 26, 2013 through September 30, 2013 seeking compensation for actual and necessary professional fees rendered in the amount of $285,177.50 (payment

of 80% in the amount of $228,142.00) and reimbursement of expenses in the amount of $261.32.

(ii) On November 20, 2013, FTI submitted its Monthly Fee Statement for the period of October 1, 2013 through October 31, 2013 seeking compensation for actual and necessary professional fees rendered in the amount of $225,709.50 (payment of 80% in the amount of $180,567.60) and reimbursement of expenses in the amount of $241.41.

(iii) On December 31, 2013, FTI submitted its Monthly Fee Statement for the period of November 1, 2013 through November 30, 2013 seeking compensation for actual and necessary professional fees rendered in the amount of $47,544.50 (payment of 80% in the amount of $38,035.60) and reimbursement of expenses in the amount of $32.15.

(iv) On February 3, 2014, FTI will submit its Monthly Fee Statement for the period of December 1, 2013 through December 31, 2013 seeking compensation for actual and necessary professional fees rendered in the amount of $34,503.00 (payment of 80% in the amount of $27,602.40) and reimbursement of expenses in the amount of $480.25.

7. The Committee will be provided with a copy of this Fee Application when filed.

## Case Status

8. The Debtors filed a disclosure statement on December 24, 2013 [Docket No. 254]. A plan of reorganization is attached to the Disclosure Statement as Exhibit A and was also

filed separately on December 24, 2013 [Docket No. 253] (the "Plan"). The Disclosure Statement has not yet been approved and the Plan has not been confirmed.

9. Under 28 U.S.C. § 1930(a)(6), the parties commencing these cases are responsible for paying fees to the U.S. Trustee, and the Committee is not in position to confirm whether such fees have been paid.

10. Monthly Operating Reports for Personal Communications Devices, LLC for the period from August 20, 2013 through September 30, 2013 was filed on August 30, 2013 [Docket No. 211]; for the period from October 1, 2013 through October 31, 2013 was filed on December 2, 2013 [Docket No. 245]; for the period from November 1, 2013 through November 30, 2013 was filed on January 15, 2014 [Docket No. 276]. Separate Monthly Operating Reports for Personal Communications Devices Holdings, LLC for all three of the aforementioned periods were filed on January 15, 2014 [Docket Nos. 277, 278 and 279]. The Committee is not aware of the filing of any other Monthly Operating Reports.

11. According to the most recently filed Monthly Operating Report for the period through November 30, 2013 [Docket No. 276], the Debtors' have $5,601,860 of cash on the balance sheet and $4,091,199 of accrued and unpaid post-petition liabilities consisting of trade payables, professional fees, amounts due to insiders and accrued expenses as of November 30, 2013. The Debtors do not disclose the amount of unencumbered funds in the Monthly Operating Reports.

## JURISDICTION

12. This Court has jurisdiction over this Fee Application pursuant to 28 U.S.C. § 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). The statutory predicates for the

relief requested herein are Bankruptcy Code sections 330, 331, and 1103(a) and Bankruptcy Rules 2002(a) and 2016.

## BACKGROUND

13. On August 19, 2013 (the "Petition Date"), the Debtors filed with this Court their voluntary petitions for relief under chapter 11 of title 11 of the Bankruptcy Code.

14. The Debtors continue to operate their businesses and manage their assets as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in Chapter 11 cases.

15. On August 26, 2013 the Office of the United States Trustee for the Eastern District of New York (the "US Trustee") held a meeting to appoint the Committee pursuant to section 1102 of the Bankruptcy Code (the "Formation Meeting") [Docket No. 54]. At the Formation Meeting, the Committee selected Perkins Coie LLP ("Perkins Coie") as its counsel, and the Committee selected FTI as its financial advisor.

16. The following two members currently comprise the Committee: (a) HTC America, Inc. and (b) TCT Mobile, Inc. (Pantech Wirless, Inc. was initially appointed to the Committee and subsequently resigned).

17. By an Order dated September 9, 2013, this Court authorized and approved the Committee's retention of FTI nunc pro tunc to August 26, 2013 [Docket No. 128] (the "Retention Order").

## TERMS AND CONDITIONS OF EMPLOYMENT

18. FTI is compensated on an hourly fee basis, plus reimbursement of actual and necessary expenses incurred by FTI. For further information regarding the terms and conditions of FTI's retention, please see the Retention Order.

19. FTI holds no retainer in these cases, and has no budgetary or other limitations on fees. Pursuant to orders of this Court, the source of compensation is funds of the Debtors' estates.

## SUMMARY OF SERVICES RENDERED

20. The Debtors' chapter 11 cases have presented numerous large and complex issues that had to be addressed in order to preserve and maximize value for unsecured creditors. The Retention Order authorized FTI to render financial advisory services to the Committee.

21. FTI has taken reasonable steps to avoid duplication of services by FTI's professionals. During the course of the First Interim Period, there have been a few instances where more than one FTI professional attended a hearing or conference. These multiple attendees were necessary to accomplish the significant amount of work which needed to be performed in a compressed amount of time involving complex facts and transactions and the participation and involvement of multiple attendees to divide up the work was necessary under the circumstances.

22. The primary services rendered by FTI include, but are not limited to, the categories set forth below. FTI's Fee Application and project billing format is generally consistent or substantially conforms with and is inclusive of all of the concepts in Exhibit A to the General Order, and includes additional detail, information, and categories.

**Task Code 1: Current Operating Results and Events (41.1 hours)**

| PROFESSIONALS | POSITION | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| Tully, Conor | Senior Managing Director | 8.1 | 895 | $7,249.50 |
| Baumkirchner, Michael | Managing Director | 8.6 | 755 | 6,493.00 |
| Barrett, Dennis | Senior Consultant | 24.4 | 540 | 13,176.00 |
| TOTAL | | 41.1 | | $26,918.50 |

23. During the First Interim Period, FTI reviewed and analyzed monthly financial results distributed by the Debtors, their advisors and their affiliates that relate to historical and current performance. This included review and analysis for FY 2013 results and monthly results for August, September, October, November and preliminary December performance. FTI provided the Committee with an understanding of the Debtors' historical financial results, current financial position and results of operations compared to budget. FTI also analyzed Monthly Operating Reports for September, October and November. FTI prepared and distributed reports to the Committee summarizing the Debtors actual operating results in order to keep the Committee informed of the Debtor's operating performance.

**Task Code 2: Cash & Liquidity Analysis (36.2 hours)**

| PROFESSIONALS | POSITION | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| Eisenband, Michael | Senior Managing Director | 0.5 | 895 | $447.50 |
| Tully, Conor | Senior Managing Director | 3.7 | 895 | 3,311.50 |
| Baumkirchner, Michael | Managing Director | 12.2 | 755 | 9,211.00 |
| Barrett, Dennis | Senior Consultant | 19.8 | 540 | 10,692.00 |
| TOTAL | | 36.2 | | $23,662.00 |

24. During the First Interim Period, FTI reviewed and analyzed the Debtor's cash flow reports and variances to the budget. Time in this task code includes numerous calls with the Debtors and/or Debtors' advisors in order to understand the underlying drivers of the budget and the related weekly variances. FTI reviewed and analyzed updated 13-week cash budgets. In addition, FTI prepared numerous schedules summarizing the Debtors' projected cash position, which were shared with the Committee in order to keep the Committee informed of the Debtor's current and projected liquidity position.

**Task Code 3: Financing Matters (44.1 hours)**

| PROFESSIONALS | POSITION | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| Eisenband, Michael | Senior Managing Director | 1.2 | 895 | $1,074.00 |
| Katzenstein, Michael | Senior Managing Director | 3.2 | 895 | 2,864.00 |
| Tully, Conor | Senior Managing Director | 4.9 | 895 | 4,385.50 |
| Baumkirchner, Michael | Managing Director | 10.5 | 755 | 7,927.50 |
| Barrett, Dennis | Senior Consultant | 22.4 | 540 | 12,096.00 |
| Hofstad, Ivo J | Director | 1.9 | 560 | 1,064.00 |
| TOTAL | | 44.1 | | $29,411.00 |

25. During the First Interim Period, FTI assisted Perkins Coie (Committee Counsel) in prosecuting the Committee's objection to the DIP motion. FTI participated in numerous Committee calls to supplement the Committee's understanding of the DIP Financing and DIP Budget. Time in this code includes the review of the DIP Financing Motion, review of the DIP Credit Agreement, review of the DIP Budget, preparation for and attendance in calls with counsel, and negotiation of key terms.

**Task Code 6: Asset Sales (189.3 hours)**

| PROFESSIONALS | POSITION | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| Eisenband, Michael | Senior Managing Director | 9.5 | 895 | $8,502.50 |
| Katzenstein, Michael | Senior Managing Director | 32.9 | 895 | 29,445.50 |
| Schaeffer, Luke | Senior Managing Director | 2.3 | 895 | 2,058.50 |
| Tully, Conor | Senior Managing Director | 42.7 | 895 | 38,216.50 |
| Baumkirchner, Michael | Managing Director | 60.2 | 755 | 45,451.00 |
| Wada, Jarod J | Managing Director | 10.2 | 740 | 7,548.00 |
| Heinz, Peter | Director | 1.4 | 570 | 798.00 |
| Hofstad, Ivo J | Director | 2.1 | 560 | 1,176.00 |
| Barrett, Dennis | Senior Consultant | 19.7 | 540 | 10,638.00 |
| Holcombe V, Decatur | Senior Consultant | 8.3 | 500 | 4,150.00 |
| TOTAL | | 189.3 | | $147,984.00 |

26. During the Application Period, FTI reviewed and analyzed the Asset Purchase Agreement between the Debtors and the Stalking Horse. FTI also actively participated in the sale process with the Debtors, Goodwin Proctor as legal counsel to the Debtors, BG Strategic Advisors as the Debtors' investment banker and Richter as the Debtors' financial advisor. FTI

supplemented the effort of the Debtors' advisors by identifying other potential buyers, contacting potential buyers and providing feedback on materials provided in the sales process. FTI also reviewed and provided advisory services to the Committee regarding the bid procedures and leveraged our existing relationships to make potential additional bidders aware of the salient points regarding the potential investment.

**Task Code 8: Valuation and Related Matters (10.2 hours)**

| PROFESSIONALS | POSITION | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| Eisenband, Michael | Senior Managing Director | 0.9 | 895 | $805.50 |
| Baumkirchner, Michael | Managing Director | 0.5 | 755 | $377.50 |
| Barrett, Dennis | Senior Consultant | 8.8 | 540 | 4,752.00 |
| **TOTAL** | | **10.2** | | **$5,935.00** |

27. During the First Interim Period, FTI analyzed the Debtor's inventory in an effort to estimate expected value to be realized in the 363 sale.

**Task Code 10: Analysis of Tax Issues (21.4 hours)**

| PROFESSIONALS | POSITION | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| Joffe, Steven | Senior Managing Director | 1.6 | 895 | $1,432.00 |
| Schaeffer, Luke | Senior Managing Director | 1.0 | 895 | 895.00 |
| Tully, Conor | Senior Managing Director | 3.6 | 895 | 3,222.00 |
| Baumkirchner, Michael | Managing Director | 2.1 | 755 | 1,585.50 |
| Barrett, Dennis | Senior Consultant | 13.1 | 540 | 7,074.00 |
| **TOTAL** | | **21.4** | | **$14,208.50** |

28. FTI reviewed, researched, and analyzed various historical tax-related transfers and the potential go-forward implications to the Debtors' estates. FTI also provided relevant tax guidance during several conference calls with Committee counsel and counsel for the Debtors.

**Task Code 11: Prepare for and Attendance at Court Hearings (69.0 hours)**

| PROFESSIONALS | POSITION | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| Eisenband, Michael | Senior Managing Director | 5.0 | 895 | $4,475.00 |
| Katzenstein, Michael | Senior Managing Director | 3.2 | 895 | 2,864.00 |
| Tully, Conor | Senior Managing Director | 26.1 | 895 | 23,359.50 |
| Baumkirchner, Michael | Managing Director | 9.0 | 755 | 6,795.00 |
| Barrett, Dennis | Senior Consultant | 25.7 | 540 | 13,878.00 |
| **TOTAL** | | **69.0** | | **$51,371.50** |

29. During the Application Period, FTI prepared for and attended the court hearings and offered testimony to the Court in connection with the Asset Purchase Agreement, the DIP Financing Motion and the asset sale. In addition, included in this Task Code is time spent attending and preparing for the auction and negotiating the final deal terms.

**Task Code 13: Analysis of Other Miscellaneous Motions (22.9 hours)**

| PROFESSIONALS | POSITION | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| Katzenstein, Michael | Senior Managing Director | 1.1 | 895 | $984.50 |
| Tully, Conor | Senior Managing Director | 3.0 | 895 | 2,685.00 |
| Baumkirchner, Michael | Managing Director | 3.0 | 755 | 2,265.00 |
| Barrett, Dennis | Senior Consultant | 15.8 | 540 | 8,532.00 |
| **TOTAL** | | **22.9** | | **$14,466.50** |

30. Time in this code primarily includes analysis and negotiation of BGSA's incentive compensation arrangement and George Appling's incentive compensation arrangement. In addition, it includes time spent reviewing warranties, the Kunzmann declaration, and other court filings.

**Task Code 17: Wind Down Monitoring (36.7 hours)**

| PROFESSIONALS | POSITION | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| Eisenband, Michael | Senior Managing Director | 3.5 | 895 | $3,132.50 |
| Tully, Conor | Senior Managing Director | 13.3 | 895 | 11,903.50 |
| Baumkirchner, Michael | Managing Director | 11.8 | 755 | 8,909.00 |
| Barrett, Dennis | Senior Consultant | 8.1 | 540 | 4,374.00 |
| **TOTAL** | | **36.7** | | **$28,319.00** |

FTI conducted conference calls with the Debtors and Debtors' advisors in order to discuss and determine the wind down plan and budget for the estate. FTI updated Committee Counsel and the Committee on progress and certain issues related to the wind down process.

**Task Code 18: Potential Avoidance Actions and Litigation (117.6 hours)**

| PROFESSIONALS | POSITION | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| Eisenband, Michael | Senior Managing Director | 6.2 | 895 | $5,549.00 |
| Katzenstein, Michael | Senior Managing Director | 0.7 | 895 | 626.50 |
| Tully, Conor | Senior Managing Director | 20.7 | 895 | 18,526.50 |
| Baumkirchner, Michael | Managing Director | 48.7 | 755 | 36,768.50 |
| Barrett, Dennis | Senior Consultant | 41.3 | 540 | 22,302.00 |
| **TOTAL** | | **117.6** | | **$83,772.50** |

31. During the First Interim Period, FTI assisted counsel in determining potential causes of action, and developed a workplan regarding the pursuit of such causes of action. FTI reviewed documents provided by the Debtors to determine and assess potential avoidance actions and other potential litigation recoveries. This analysis consisted of a review of the Debtors' document productions which included among others, historical financial and operating results and trends, board presentations, analysis of the Debtors' capitalization, and other analyses. FTI attended three depositions including the deposition of the Debtors' sole remaining employee. Furthermore, FTI reviewed key documents and internal analyses involving the Debtors' 2008 acquisition transaction. Key observations and findings regarding potential causes of action were presented to the Committee during conference calls.

**Task Code 20: General Meetings with Debtors & Debtors' Professionals (40.4 hours)**

| PROFESSIONALS | POSITION | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| Eisenband, Michael | Senior Managing Director | 0.7 | 895 | $626.50 |
| Katzenstein, Michael | Senior Managing Director | 6.8 | 895 | 6,086.00 |
| Tully, Conor | Senior Managing Director | 9.6 | 895 | 8,592.00 |
| Baumkirchner, Michael | Managing Director | 10.2 | 755 | 7,701.00 |
| Wada, Jarod J | Managing Director | 2.8 | 740 | 2,072.00 |
| Heinz, Peter | Director | 2.6 | 570 | 1,482.00 |
| Barrett, Dennis | Senior Consultant | 7.7 | 540 | 4,158.00 |
| TOTAL | | 40.4 | | $30,717.50 |

32. FTI participated in various calls and in-person meetings with the Debtors' personnel, their counsel and financial advisors to discuss the key case issues including; work plan, due diligence, prioritization and assessment of case strategy. These calls and meetings were crucial to obtaining an understanding of the case issues, developing the asset sale strategy at auction, coordinating work amongst Committee and Debtors' professionals and ensuring the Committee's viewpoints and priorities were clearly expressed to the Debtors.

**Task Code 21: General Meetings with Committee & Committee Counsel (125.3 hours)**

| PROFESSIONALS | POSITION | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| Eisenband, Michael | Senior Managing Director | 7.4 | 895 | $6,623.00 |
| Katzenstein, Michael | Senior Managing Director | 7.9 | 895 | 7,070.50 |
| Tully, Conor | Senior Managing Director | 29.2 | 895 | 26,134.00 |
| Baumkirchner, Michael | Managing Director | 33.6 | 755 | 25,368.00 |
| Wada, Jarod J | Managing Director | 12.1 | 740 | 8,954.00 |
| Barrett, Dennis | Senior Consultant | 35.1 | 540 | 18,954.00 |
| TOTAL | | 125.3 | | $93,103.50 |

33. In the First Interim Period, FTI prepared for and participated in numerous conference calls and in person meetings with the Committee and its counsel in order to apprise them of all pertinent areas that have an economic impact on these cases. These calls and meetings included discussions with respect to operating results, liquidity, pending motions, updates on the sale process, litigation updates, Plan of Liquidation updates, status updates on settlement negotiations along with other relevant case topics. In preparation for these calls, FTI prepared numerous memos and reports summarizing the aforementioned topics.

## REASONABLENESS OF FEES

34. FTI seeks compensation for actual, necessary professional services rendered and reimbursement of reasonable expenses incurred on behalf of the Committee during the First Interim Period. During the First Interim Period, FTI charged $592,934.50 in fees. FTI submits that its fees are reasonable for the work performed in these cases and the results obtained.

35. All of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee, and not on behalf of any other entity. FTI respectfully submits that the professional services rendered were necessary, appropriate and have contributed to the effective administration of the Debtors' chapter 11 cases and maximization of value. It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically, and the results obtained have benefited the unsecured creditor body as a whole and the Debtors' estates.

36. FTI believes that its billing rates (the "Guideline Rates") in these Chapter 11 cases are "reasonable billing rates" for purposes of this Court's determination of the "reasonableness" of the fees for services rendered, appropriate for fees in these cases, and are in accordance with FTI's Retention Application [Docket No. 110]. FTI's billing rates were disclosed in the retention papers and approved by this Court. If the cases were not cases under the Bankruptcy Code, FTI would likely charge and expect to receive, on a current basis, rates at least equal to the amounts requested herein for professional services.

## EXPENSES

37. During the First Interim Period, FTI incurred $1,015.13 in expenses on behalf of the Committee. Detailed descriptions of FTI's expenses were included in the Monthly Fee Statements.

38. FTI believes that the expenses incurred are reasonable and economical in view of the services required by the Committee and were incurred as a direct result of FTI's representation of the Committee. These expenses are the type customarily charged to non-bankruptcy clients of FTI. None of the expenses relate to non-reimbursable overhead. FTI has adhered to allowable rates for expenses as fixed by local rule or order of the Court.

39. A Certification of Conor Tully in support of this Fee Application attesting to FTI's compliance with the General Order is annexed hereto as **Exhibit F**.

## CONCLUSION

40. In accordance with the factors enumerated in section 331 of the Bankruptcy Code, the amounts requested herein are fair and reasonable given (a) the complexity of the cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

41. FTI submits that pursuant to the criteria normally examined in bankruptcy cases, and based upon the factors considered in accordance with sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016, the results achieved provide more than sufficient justification for approval of the compensation sought by FTI.

42. As a result of FTI's efforts herein, it is respectfully submitted that FTI's efforts are resulting in a substantial benefit to the Committee and its constituents.

WHEREFORE, FTI respectfully requests that a first interim award for fees during the First Interim Period in the amount of $592,934.50 and reimbursable expenses in the amount of $1,015.13, totaling $593,949.63 be granted and that this Court grant such other, further and different relief as it deems just and proper.

Dated: New York, New York
       February 3, 2014

                                    Conor Tully
                                    Senior Managing Director
                                    FTI CONSULTING, INC.
                                    Three Times Square
                                    New York, New York 10036
                                    Telephone: (212) 841-9335

*Financial Advisor to the Official Committee of Unsecured Creditors of Personal Communications Devices, LLC., et al.*