Schuyler G. Carroll                     Hearing Date: March 4, 2014, 11:00 AM
Gary F. Eisenberg                       Objection Deadline:  Feb. 26, 2014, 5:00 PM
Tina N. Moss
PERKINS COIE LLP
30 Rockefeller Plaza, 22nd Floor
New York, NY 10112-0085
Telephone: (212) 262-6900
Facsimile: (212) 977-1649
scarroll@perkinscoie.com
geisenberg@perkinscoie.com
tmoss@perkinscoie.com
Attorneys for the Official
Committee of Unsecured Creditors

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| PERSONAL COMMUNICATIONS | ) | Case No.  13-74303 (AST) |
| DEVICES, LLC, *et al.*[1], | ) | 13-74304 (AST) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**SUMMARY OF FIRST SUPPLEMENTAL APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR PERKINS COIE LLP
FOR THE PERIOD FROM JANUARY 1, 2014 THROUGH JANUARY 31, 2014**

This is a supplement to an interim application.

| Name of applicant: | Perkins Coie LLP |
|---|---|
| **Authorized to provide professional services to:** | Official Committee of Unsecured Creditors of Personal Communications Devices, LLC and Personal Communications Devices Holdings, LLC |
| **Date of retention:** | September 23, 2013 *nunc pro tunc* to August 26, 2013 |
| **Period for which compensation and reimbursement is sought:** | January 1 – January 31, 2014 |
| **Compensation sought as actual, reasonable, and necessary:** | $189,773.50 |
| **Expense reimbursement sought as actual, reasonable, and necessary:** | $2,309.54 |

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal  tax identification number, are: Personal Communications Devices, LLC, a Delaware limited liability company (4171) and Personal Communications Devices Holdings, LLC, a Delaware limited liability company (4096).  The Debtors' mailing address is 80 Arkay Drive, Hauppauge, Suffolk County, NY 11788.

**Prior Fee Applications**

| Date Submitted | Compensation Period | Requested Fees | Requested Expenses | Fees Paid | Expenses Paid |
|---|---|---|---|---|---|
| 2/3/14 | 8/26/13-12/31/13 | $1,226,319.50 | $39,877.55 | | |

**Monthly Fee Statement for Supplemental Period**

| Compensation Period | Requested Fees | Requested Expenses | Total |
|---|---|---|---|
| 1/1/14 - 1/31/14 | $189,773.50 | $2,309.54 | $192,083.04 |

**Summary of Services Rendered**

| Attorney | | Year Admitted | Hours Billed | Hourly Rate | Total for Application |
|---|---|---|---|---|---|
| Brown, Lester | Partner | NY 1991 CA1992 | 2.40 | $825 | $1,980.00 |
| Carroll, Schuyler | Partner | NY 1993 | 16.90 | $855 | $14,449.50 |
| Chaudhary, Sabahat | Counsel | NY 2007 DC 2008 | 1.25 | $540 | $675.00 |
| Eidenbach, Kirsten | Associate | AZ 2009 | 6.90 | $405 | $2,794.50 |
| Eisenberg, Gary | Partner | NJ 1990 NY 1990 | 5.20 | $670 | $3,484.00 |
| Gibbs, Charles | Associate | IL 2012 | 15.60 | $380 | $5,928.00 |
| Jennings, Brian | Partner | MO 1998 WA 2002 | 42.60 | $590 | $25,134.00 |
| Moss, Tina | Partner | NJ 1993 NY 2003 | 98.10 | $775 | $76,027.50 |
| Peterson, Richard | Partner | IL 1989 | 1.20 | $850 | $1,020.00 |
| Raher, Stephen A. | Associate | OR 2009 WA 2013 | 14.40 | $415 | $5,976.00 |
| Reingold, Barry | Partner | DC 1981 MD 1998 | 40.50 | $730 | $29,565.00 |
| Reyes, Carla | Associate | WA 2009 | 15.60 | $410 | $6,396.00 |
| Vanacore, Jeffrey D. | Counsel | CO 2001 NY 2003 NJ 2003 | 1.60 | $580 | $928.00 |
| **Attorney Hours & Fees Incurred, Blended Rate:** | | | 262.25 | $664.85 | $174,357.50 |

| Staff | | Year Admitted | Hours Billed | Hourly Rate | Total for Application |
|---|---|---|---|---|---|
| Collins, Allan | Project Coordinator | N/A | 2.00 | $140 | $280.00 |
| Higa, Joel | Paralegal | N/A | 12.80 | $170 | $2,176.00 |
| Kmoch, Heidi | Paralegal | N/A | .70 | $300 | $210.00 |
| Maag, Mary Lou | Paralegal | N/A | 39.20 | $235 | $9,212.00 |
| Sandvig, Ann | Paralegal | N/A | 12.20 | $290 | $3,538.00 |
| **Staff Hours & Fees Incurred, Blended Rate:** | | | 66.90 | $230.43 | $15,416.00 |
| **TOTAL FEES REQUESTED:** | | | **329.15** | | **$189,773.50** |

Schuyler G. Carroll
Gary F. Eisenberg
Tina N. Moss
PERKINS COIE LLP
30 Rockefeller Plaza, 22nd Floor
New York, NY 10112-0085
Telephone: (212) 262-6900
Facsimile: (212) 977-1649
scarroll@perkinscoie.com
geisenberg@perkinscoie.com
tmoss@perkinscoie.com
Attorneys for the Official
Committee of Unsecured Creditors

**Hearing Date: March 4, 2014, 11:00 AM**
**Objection Deadline: Feb. 26, 2014, 5:00 PM**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| In re | ) | Chapter 11 |
| | ) | |
| PERSONAL COMMUNICATIONS | ) | Case No.  13-74303 (AST) |
| DEVICES, LLC, *et al.*[2], | ) | 13-74304 (AST) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### FIRST SUPPLEMENTAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PERKINS COIE LLP FOR THE PERIOD FROM JANUARY 1, 2014 THROUGH JANUARY 31, 2014

For its first supplemental application for compensation and reimbursement of expenses

(the "**Supplemental Application**") for the period from January 1, 2014 through January 31,

2014 (the "**Supplemental Application Period**"), pursuant to 11 U.S.C. §§ 330-331, Fed. R.

Bankr. P. 2016, Local Bankruptcy Rule 2016-1, the United States Trustee's Guidelines, this

Court's Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Monthly

Compensation and Reimbursement for Expenses of Professionals dated September 23, 2013

[Dkt. No. 135] (the "**Administrative Order**"), and the Notice of Hearing on Applications for

---

[2] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal  tax identification number, are: Personal Communications Devices, LLC, a Delaware limited liability company (4171) and Personal Communications Devices Holdings, LLC, a Delaware limited liability company (4096).  The Debtors' mailing address is 80 Arkay Drive, Hauppauge, Suffolk County, NY 11788.

Interim Compensation Filed by Professionals Retained by the Debtors and the Committee dated February 13, 2014 [Dkt. No. 322], Perkins Coie LLP (the "**Applicant**" or the "**Firm**"), attorneys for the Official Committee of Unsecured Creditors (the "**Committee**") of Personal Communications Devices, LLC and Personal Communications Devices Holdings, LLC (collectively, the "**Debtors**") respectfully represents as follows:

<u>**PRELIMINARY STATEMENT**</u>

As discussed in greater detail below, Applicant has worked on behalf of the Committee since the time the Debtors' bankruptcy cases were filed. From the moment the Debtors filed for relief, the Debtors' clear strategy was to effectuate a quick sale of substantially all of their assets through a financing mechanism that, as originally contemplated, would have satisfied the claims of the first and second lien holders while leaving virtually nothing for unsecured creditors. The Debtors sought to use debtor-in-possession ("**DIP**") financing extended by their prepetition junior secured lenders to roll-up prepetition senior secured debt, thereby granting the junior secured lenders the pole position during the ensuing reorganization proceedings. Applicant was tasked with getting up to speed in a niche technology industry, analyzing the Debtors' financial and practical business prospects, and representing the interests of unsecured creditors in a fast-track sale being engineered largely without those interests in mind.

Applicant quickly analyzed the Debtors' proposed post-petition financing and successfully argued for more favorable DIP lending terms than those originally put forth by the Debtors. Applicant worked with its financial advisers to get a clear picture of the Debtors' inventory, financing structure, and business model, and achieved a slower sale process that allowed for the potential of a truly competitive auction. Through Applicant's efforts, the sale of the Debtors' assets has yielded millions of dollars in liquidated recovery for general unsecured creditors, and has also afforded them beneficial interests in pieces of litigation still pending in adversary proceedings before this Court. Applicant has devoted considerable time and resources

to analyzing and prosecuting the causes of action in which the Committee is the true party in interest, and those causes of action are poised to provide further recovery for unsecured creditors.

Applicant's analysis assisted the Committee in valuing the Debtors' business and in understanding the implications of the Debtors' proposed DIP financing. Applicant's efforts in securing a more competitive bidding process and more lucrative sale terms were vital in achieving substantial recovery for unsecured creditors where, at first blush, there seemed to be little on offer from the Debtors' proposed sale. In sum, Applicant has provided services of significant value to the Committee, and seeks approval of the necessary and reasonable fees and expenses requested in this Application that were required to provide those services.

## JURISDICTION, VENUE AND STATUTORY PREDICATES

1.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are sections 330, 331, and 1103 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of New York (the "**Local Rules**"). This Application has been prepared in accordance with General Order 613, *Amended Guidelines for Fees and Disbursements for Professionals in the Eastern District of New York Bankruptcy Cases*, effective as of June 10, 2013 (the "**General Order**"), the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* effective January 30, 1996 (the "**UST Guidelines**"), and the Administrative Order.

<u>**BACKGROUND**</u>

**A.** <u>**The Chapter 11 Cases**</u>

3.      On August 19, 2013 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.  The Debtors continue to manage and operate their businesses as debtors in possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

4.      On August 21, 2013, the Court entered an order directing the Debtors' two Chapter 11 cases to be jointly administered under the above case number.

5.      On August 26, 2013, the Office of the United States Trustee appointed the Committee.

6.      On September 23, 2013, the Court entered an order approving the retention and employment of Perkins Coie as counsel for the Committee *nunc pro tunc* to August 26, 2013.  A copy of the order authorizing Perkins Coie's retention is attached hereto as <u>Exhibit A</u>.

7.      On October 17, 2013, the Court entered the Order Authorizing and Approving (A) the Sale of Substantially All of the Debtors' Assets Free and Clear of Liens, Claim and Encumbrances and (B) Assumption and Assignment of Executory Contracts and Unexpired Leases to the Successful Bidders (the "**Sale Order**") [Dkt. No. 207].  The Sale Order authorized the sale of substantially all the Debtors' assets to Q1W Newco, LLC and Quality One Wireless (the "**Buyer**") in exchange for consideration including, *inter alia*, cash payments to the Debtors in the aggregate amount of $2,100,000 for the benefit of unsecured creditors and a promissory note for the benefit of unsecured creditors in the amount of $2,000,000.  [Sale Order, at ¶ 4.]

8.      On February 11, 2014, the Debtors and the Committee filed their proposed First Amended Plan of Liquidation and filed their Disclosure Statement with respect thereto.  On February 12, 2014, the Court conducted a hearing regarding the adequacy of the Disclosure Statement.

9.      Two adversary proceedings related to the Debtors' bankruptcy cases are currently pending involving: (i) various causes of action asserted by the Debtors against Philip

Christopher, the Debtors' former CEO (A.P. No. 8-13-08173, the "**Christopher Lawsuit**"); and (ii) various causes of action asserted by the Committee against the Debtors' Second Lien Lenders (Case No. 8-13-08174, the "**PineBridge/DLJ Lawsuit**").[3] The Sale Order preserves the proceeds of the Christopher Lawsuit and the PineBridge/DLJ Lawsuit for distribution to unsecured creditors by excluding either lawsuit from the assets transferred to the Buyer.

B.     **Interim Compensation**

10.     On September 23, 2013, the Court entered the Administrative Order. Pursuant to the terms of the Administrative Order, Applicant, among others, is required to submit monthly fee statements to counsel for the Debtors, JPMorgan Chase, PineBridge, DLJ, and the U.S. Trustee (collectively, the "**Notice Parties**"). JPMorgan Chase has since then requested that it no longer receive copies.

11.     Applicant is utilizing separate matters and submatters in submitting invoices and fee statements in this case, which matters correspond to appropriate project categories under the UST Guidelines and the General Order, in all billing procedures for these Chapter 11 cases. In the ordinary course of its practice, Applicant maintains detailed computerized records of all billing records, including all professional services rendered and all disbursements advanced on behalf of the Debtors.

12.     The primary Firm attorneys who have billed time during the Supplemental Application Period for which compensation is sought in this Application are: Schuyler Carroll, Partner ($855/hr.); Kirsten Eidenbach, Associate ($405/hr.); Gary Eisenberg, Partner ($670/hr.); Charles Gibbs, Associate ($380/hr.); Brian Jennings, Partner ($590/hr.); Tina Moss, Partner ($775/hr.); and Barry Reingold, Partner ($730/hr.). The primary Firm paraprofessional staff members who have billed time during the Application Period for which compensation is sought in this Application are: Allan Collins, Project Coordinator ($140/hr.); Heidi Kmoch, Paralegal

---

[3] The **Second Lien Lenders** are comprised of various PineBridge entities —PineBridge Plan Star Investment Corp., PineBridge PEP IV Co-Investment, L.P., PineBridge PEP V Co-Investment, L.P., Vantage Star Investment Corp., PineBridge Co-Investment AIV Fund, L.P. (collectively "**PineBridge**") — as well as various DLJ entities — DLJ Investment Partners III, L.P. and IP III Plan Investor, L.P. (collectively, "**DLJ**").

($300/hr.); Mary Lou Maag, Paralegal ($235/hr.); and Ann Sandvig, Paralegal ($290/hr.). The compensation sought for services rendered by these individuals and others at the Firm in representation of the Committee is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under title 11.

13. On February 19, 2014, Applicant served its monthly statement for services provided from January 1, 2014 through January 31, 2014 (the "**January Statement**") on the Notice Parties.

14. Attached hereto as <u>Exhibit B</u> is a summary of professional services provided by project category during the Supplemental Application Period.

15. Attached hereto as <u>Exhibit C</u> is a summary of professional services provided by timekeeper during the Supplemental Application Period which sets forth each timekeeper's name, title, year of bar admission, area of practice concentration, aggregate time expended, hourly billing rate, and total compensation requested. The compensation requested by Applicant is based on the customary compensation charged by comparably skilled practitioners in other similar cases under the Bankruptcy Code.

16. Attached hereto as <u>Exhibit D</u> is a summary of expenses incurred on behalf of the Committee for which reimbursement is sought.

17. Attached hereto collectively as <u>Exhibit E</u> is a copy of the January Statement in the format specified by the Guidelines. As indicated above, the January Statement was served on the Notice Parties on February 19, 2014.

18. To date the Applicant has received no payments for fees or expenses except as that provided for under the Administrative Order.

19. There is no agreement or understanding between Applicant and any other person, other than partners of the firm, for the sharing of compensation to be received for services rendered in these Chapter 11 cases.

20. As detailed in the January Statement, Applicant requests compensation in the amount of $169.24 for overtime costs incurred in its representation of the Committee during the

Supplemental Application Period.  The overtime expenses requested by Applicant are comprised of: (a) $140.00 in overtime pay (the "**Overtime Pay**") to support staff in conjunction with litigation activities; and (b) $29.24 in reimbursement for overtime meals, travel, and other expenses (the "**Overtime Expenses**") incurred by the Committee throughout the Supplemental Application Period, all of which Overtime Expenses are ordinarily charged to the Firm's other clients under the Firm's standard billing procedures.  These Overtime Expenses and the Overtime Pay were necessary and reasonable to ensure prompt attention to pressing matters involved in the Firm's representation of the Committee.

## DESCRIPTION OF SERVICES AND
## EXPENSES AND RELIEF REQUESTED

21.      In general, Applicant has represented the Committee in connection with the following key aspects of the Debtors' Chapter 11 cases:

(a)      investigating, analyzing, and advising members of the Committee with regard to the terms of the Debtors' proposed post-petition financing, bidding procedures, and Section 363 sale.  At the time Applicant was retained, the Debtors had negotiated a proposed asset purchase agreement (the "**APA**") with the Buyer and proposed terms of debtor-in-possession financing.  Applicant was tasked with undertaking a full analysis of the implications of the Debtors' proposed DIP financing, as well as a review and analysis of the APA.

(i)      To perform its analysis of the Debtors' proposed DIP financing, Applicant was required to undertake a thorough review of the pre-petition relationship between the Second Lien Lenders, JPMorgan Chase, and the Debtors, as well as an in-depth examination of the Debtors' finances.  Applicant advised the members of the Committee on the real effect of the DIP financing terms proposed by the Debtors and ultimately filed objections to the Debtors' proposed DIP terms,  specifically with regard to the improper "roll-up" of prepetition debt to DIP debt, the lack of an imminent cash shortfall, and the encumbering of avoidance actions.  These efforts provided substantial value to the Committee and the estate, ultimately resulting in less onerous DIP lending terms, more unencumbered assets to administer for the benefit of all

creditors, and greater carve-outs to pay administrative expenses and professional fees, all of which contributed to greater recoveries for all unsecured creditors than would have been possible under the Debtors' originally-proposed terms.

(ii)     Applicant leveraged its considerable experience with asset sales under Section 363 of the Bankruptcy Code to provide Committee members with a detailed analysis of the practical implications of the Debtors' proposed sale terms and bidding procedures.  After conducting financial analysis of the terms of the Debtors' proposed APA with the Buyer, Applicant filed an objection to the Debtors' proposed bidding procedures and sale terms, primarily on the grounds that they provided insufficient cash consideration, contained unnecessary contingencies to closing, and prevented a truly competitive sale due to onerous bid protections for the Buyer.  Applicant also affirmatively sought out other potentially interested buyers in an effort to maximize value for the estate.  As a result of Applicant's efforts, the final Sale Order contained drastically improved terms that made it possible for other potential buyers to bid for the Debtors' assets, afforded greater security that the sale of the Debtors' assets would actually close, and ultimately provided millions of dollars in additional recovery for unsecured creditors.

(b)     advising the Committee and representing its interests in the Christopher Lawsuit and the PineBridge/DLJ Lawsuit.  The Christopher Lawsuit — originally a state court lawsuit brought by the Debtors against Philip Christopher and other former employees alleging breaches of fiduciary duty, defamation, breach of contract, conversion, and tortious interference — was removed to this Court on October 25, 2013.  The PineBridge/DLJ Lawsuit was filed by the Committee on October 28, 2013, and involves claims against PineBridge and DLJ in their capacities as equity-holders of the Debtors.  Specifically, the PineBridge/DLJ Lawsuit seeks recharacterization of debt as equity and monetary recovery from PineBridge and DLJ for the benefit of the Debtors' estate based on negative capital accounts and unjust enrichment.  As mentioned above, Applicant secured the protection of proceeds from the PineBridge/DLJ

Lawsuit and the Christopher Lawsuit for the benefit of unsecured creditors, and is aggressively pursuing the Committee's interests in both adversary cases.

22. To assist the Court and other parties in interest in monitoring any duplication of efforts and to provide an orderly and meaningful summary of the services rendered by Applicant on behalf of the Committee, Applicant provides the following summary of the most significant professional services rendered by Applicant during the Supplemental Application Period, organized by project category and matter number:

**Case Administration  0002**
Fees:  $4,828.50; Hours:  6.30

This category consists of matters related to the administration of Applicant's representation of the Committee, including:  preparation for and participation in meetings with the Committee's retained financial advisers regarding the financial models to be relied on by the Committee; preparation for and participation in discussions with the Committee members regarding case strategy and legal theory; organization of Committee meeting agendas and presentations; and discussions with Debtors' counsel regarding logistics of case and potential settlement of contested issues.

The professionals and paraprofessionals recording time for this category and the fee amount requested by each timekeeper is as follows:

| Attorneys | | Hours Billed | Hourly Rate | Total for Matter |
|---|---|---|---|---|
| Moss, Tina | Partner | 6.20 | $775 | $4,805.50 |
| **Staff** | | | | |
| Maag, Mary Lou | Paralegal | 0.10 | $235 | $23.50 |
| **TOTALS** | | **6.30** | | **$4,828.50** |

**Committee Communications  0003**
Fees:  $10,429.00; Hours:  14.00

This category consists of matters related to communications with Committee members, including: drafting summary emails and memoranda for circulation to the Committee  to update members on pressing matters; considering presentations of potential financial advisers to assist Committee in analyzing the financial implications of the Debtors' cases; and participating in

teleconferences with Committee members to discuss matters requiring immediate input and attention.

The professionals and paraprofessionals recording time for this category and the fee amount requested by each timekeeper is as follows:

| Attorneys | | Hours Billed | Hourly Rate | Total for Matter |
|---|---|---|---|---|
| Carroll, Schuyler | Partner | 2.60 | $855 | $2,223.00 |
| Jennings, Brian | Partner | 3.40 | $590 | $2,006.00 |
| Moss, Tina | Partner | 8.00 | $775 | $6,200.00 |
| **TOTALS** | | **14.00** | | **$10,429.00** |

**Claims Administration and Objections  0006**
Fees: $2,926.00; Hours: 3.60

This matter consists of all aspects of the review and analysis of claims filed against the Debtors' estates as well as preparation and prosecution of any objections with respect thereto.

The professionals and paraprofessionals recording time for this category and the fee amount requested by each timekeeper is as follows:

| Attorneys | | Hours Billed | Hourly Rate | Total for Matter |
|---|---|---|---|---|
| Carroll, Schuyler | Partner | 1.70 | $855 | $1,453.50 |
| Moss, Tina | Partner | 1.90 | $775 | $1,472.50 |
| **TOTALS** | | **3.60** | | **$2,926.00** |

**Fee/Employment Applications  0007**
Fees: $18,791.00; Hours: 57.30

This matter consists of all aspects of preparing Applicant's First Interim Fee Application.

The professionals and paraprofessionals recording time for this category and the fee amount requested by each timekeeper is as follows:

| Attorneys | | Hours Billed | Hourly Rate | Total for Matter |
|---|---|---|---|---|
| Gibbs, Charles | Associate | 13.00 | $380 | $4,940.00 |
| Jennings, Brian | Partner | 0.50 | $590 | $295.00 |
| Moss, Tina | Partner | 4.80 | $775 | $3,720.00 |
| **Staff** | | | | |
| Maag, Mary Lou | Paralegal | 26.80 | $235 | $6,298.00 |
| Sandvig, Ann | Paralegal | 12.20 | $290 | $3,538.00 |
| **TOTALS** | | **57.30** | | **$18,791.00** |

**Litigation 0010**
Fees: $143,328.50; Hours: 235.55

This matter consists of all aspects of managing the pending adversary proceedings with respect to which the Committee is a party (specifically the PineBridge/DLJ Lawsuit and the Christopher Lawsuit), and the review and analysis of potential claims and causes of action to be asserted by the Committee, including, but not limited to, potential claims against the Debtors' former directors and officers, including: time spent by Applicant in connection with amending the Committee's Complaint in the PineBridge/DLJ Lawsuit; responding to the Motions of all defendants in the PineBridge/DLJ Lawsuit to dismiss the Committee's Complaint; responding to the Motion of PineBridge and DLJ to Withdraw the Reference of the PineBridge/DLJ Lawsuit to the Bankruptcy Court; and ongoing communications with adverse counsel in the Christopher Lawsuit.

The professionals and paraprofessionals recording time for this category and the fee amount requested by each timekeeper is as follows:

| Attorneys | | Hours Billed | Hourly Rate | Total for Matter |
|---|---|---|---|---|
| Brown, Lester | Partner | 2.40 | $825 | $1,980.00 |
| Carroll, Schuyler | Partner | 9.30 | $855 | $7,951.50 |
| Chaudhary, Sabahat | Counsel | 1.25 | $540 | $675.00 |
| Eidenbach, Kirsten | Associate | 6.90 | $405 | $2,794.50 |
| Eisenberg, Gary | Partner | 0.50 | $670 | $335.00 |
| Gibbs, Charles | Associate | 2.60 | $380 | $988.00 |
| Jennings, Brian | Partner | 38.70 | $590 | $22,833.00 |
| Moss, Tina | Partner | 74.00 | $775 | $57,350.00 |
| Raher, Stephen | Associate | 14.40 | $415 | $5,976.00 |
| Reingold, Barry | Partner | 40.50 | $730 | $29,565.00 |
| Reyes, Carla | Associate | 15.60 | $410 | $6,396.00 |
| Vanacore, Jeffrey D. | Counsel | 1.60 | $580 | $928.00 |
| **Staff** | | | | |
| Collins, Allan | Project Coordinator | 2.00 | $140 | $280.00 |
| Higa, Joel | Paralegal | 12.80 | $170 | $2,176.00 |
| Kmoch, Heidi | Paralegal | 0.70 | $300 | $210.00 |
| Maag, Mary Lou | Paralegal | 12.30 | $235 | $2,890.50 |
| **TOTALS** | | **235.55** | | **$143,328.50** |

**Plan & Disclosure Statement 0011**
Fees: $9,470.50; Hours: 12.40

This category includes all time spent by Applicant reviewing, analyzing and negotiating prospective terms of the Debtors' and the Committee's proposed First Amended Chapter 11 Plan, Disclosure Statement, and Liquidating Trust.

The professionals and paraprofessionals recording time for this category and the fee amount requested by each timekeeper is as follows:

| Attorneys | | Hours Billed | Hourly Rate | Total for Matter |
|---|---|---|---|---|
| Carroll, Schuyler | Partner | 3.30 | $855 | $2,821.50 |
| Eisenberg, Gary | Partner | 4.70 | $670 | $3,149.00 |
| Moss, Tina | Partner | 3.20 | $775 | $2,480.00 |
| Peterson, Richard | Partner | 1.20 | $850 | $1,020.00 |
| **TOTALS** | | **12.40** | | **$9,470.50** |

23.     The foregoing description of services rendered by Applicant in specific areas are not intended to be exhaustive of the scope of Applicant's activities in these Chapter 11 cases. The January Statement attached hereto as <u>Exhibit E</u> presents more completely the work performed by Applicant in each project category during the Supplemental Application Period.

## CONCLUSION

24.     Applicant believes that the services rendered during the Supplemental Application Period on behalf of the Committee were reasonable and necessary within the meaning of Bankruptcy Code section 330.  Further, the expenses requested were actual and necessary to the performance of Applicant's services.

25.     Applicant therefore requests an order: (i) approving interim compensation in the amount of $189,773.50 and interim reimbursement of expenses in the amount of $2,309.54;[4] and (ii) granting such other and further relief as may be just and proper.

---

[4] The rates charged for such expenses are (i) equivalent to what Applicant normally bills to its non-bankruptcy clients and (ii) calculated to compensate Applicant for only the actual costs of the expenses.

New York, New York
Dated: February 19, 2014

*/s/ Tina N. Moss*

Tina N. Moss
Schuyler G. Carroll
Gary F. Eisenberg
**PERKINS COIE LLP**
30 Rockefeller Plaza, 22nd Floor
New York, NY 10112
TMoss@perkinscoie.com
Telephone: (212) 262-6900
Facsimile: (212) 977-1649

*Attorneys for the Official Committee
of Unsecured Creditors*

## EXHIBIT A

**Retention Order**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>PERSONAL COMMUNICATIONS<br>DEVICES, LLC , *et al.*, [1]<br><br>        Debtors. | )<br>)<br>)<br>)<br>)<br>)<br>) |

Case Nos.: 13-74303-ast
     13-74304-ast
Chapter 11

(Jointly Administered)

## ORDER APPROVING THE RETENTION AND EMPLOYMENT OF PERKINS COIE LLP AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO AUGUST 26, 2013

Upon the application (the "Application") of the Official Committee of Unsecured

Creditors (the "Committee") of Personal Communications Devices, LLC ("PCD") and Personal

Communications Devices Holdings, LLC ("Holdings" and collectively with PCD, the

"Debtors"), pursuant to sections 330 and 1103 of the Bankruptcy Code, Rules 2014 and 5002 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the

Local Rules of this Court for an order approving retention and employment of Perkins Coie LLP

("Perkins Coie") as counsel for the Committee *nunc pro tunc* to August 26, 2013; and the

Committee having submitted the Verified Statement of Schuyler G. Carroll (the "Carroll

Statement") in support of the Application; and the Court being satisfied based on the

representations made in the Application and the Carroll Statement that the partners, counsel,

associates, and paraprofessionals of Perkins Coie who will be engaged by the Committee are

disinterested persons, as that term is defined under section 101(14) of the Bankruptcy Code; and

the Court having subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1334; and it

appearing that this matter is a "core" proceeding pursuant to 28 U.S.C. § 157(b); and sufficient

---

[1]   The Debtors in these cases are Personal Communications Devices, LLC and Personal Communications Devices Holdings, LLC.

notice of the Application having been provided in the Application, the Court having found that no further notice need be provided; and the Court having found that the relief requested in the Application is necessary and appropriate and in the best interests of the Debtors, their estates, and their creditors; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED**, that the Committee is authorized to retain Perkins Coie as counsel pursuant to sections 330 and 1103 of the Bankruptcy Code.



Dated: September 23, 2013
      Central Islip, New York

_____
**Alan S. Trust**
**United States Bankruptcy Judge**

**EXHIBIT B**

**Summary of Services by Project Category**

| Matter No. | Project Category | Hours Billed | Total Compensation |
|---|---|---|---|
| 002 | Case Administration | 6.30 | $4,828.50 |
| 003 | Committee Communications | 14.00 | $10,429.00 |
| 006 | Claims Admin & Objections | 3.60 | $2,926.00 |
| 007 | Fee/Employment Applications | 57.30 | $18,791.00 |
| 010 | Litigation – General | 235.55 | $143,328.50 |
| 011 | Plan & Disclosure Statement | 12.40 | $9,470.50 |
| **Total Fees Requested** | | **329.15** | **$189,773.50** |

# EXHIBIT C

## Summary of Services by Timekeeper

| Professional/ Staff | | Practice/ Admission | Hours Billed | Billing Rate | Total |
|---|---|---|---|---|---|
| Brown, Lester | Partner | Litigation - Insurance Coverage NY 1991, CA 1992 | 2.40 | $825 | $1,980.00 |
| Carroll, Schuyler | Partner | Financial Transactions & Restructuring, NY 1993 | 16.90 | $855 | $14,449.50 |
| Eidenbach, Kirsten | Associate | Financial Transactions & Restructuring, AZ 2009 | 6.90 | $405 | $2,794.50 |
| Eisenberg, Gary | Partner | Financial Transactions & Restructuring, NJ 1990, NY 1990 | 5.20 | $670 | $3,484.00 |
| Gibbs, Charles | Associate | Financial Transactions & Restructuring, IL 2012 | 15.60 | $380 | $5,928.00 |
| Jennings, Brian | Partner | Financial Transactions & Restructuring, MO 1998, WA 2002 | 42.60 | $590 | $25,134.00 |
| Moss, Tina | Partner | Financial Transactions & Restructuring, NJ 1993, NY 2003 | 98.10 | $775 | $76,027.50 |
| Peterson, Richard | Partner | Tax, Benefits & Compensation IL 1989 | 1.20 | $850 | $1,020.00 |
| Reingold, Barry | Partner | Litigation - Antitrust DC 1981, MD 1998 | 40.50 | $730 | $29,565.00 |
| Chaudhary, Sabahat | Counsel | Business Litigation, NY 2007 DC 2008 | 1.25 | $675 | $675.00 |
| Raher, Stephen A. | Associate | Financial Transactions & Restructuring, OR 2009 WA 2013 | 14.40 | $415 | $5,976.00 |
| Vanacore, Jeffrey D. | Counsel | Financial Transactions & Restructuring, CO 2001 NY 2003 NJ 2003 | 1.60 | $580 | $928.00 |
| Reyes, Carla | Associate | Commercial Litigation WA 2009 | 15.60 | $410 | $6,396.00 |
| **Attorney Hours & Fees, Blended Rate:** | | | 262.25 | $664.85 | $174,357.50 |

| | | | | | |
|---|---|---|---|---|---|
| Collins, Allan | Project Coordinator | Commercial Litigation | 2.00 | $140 | $280.00 |
| Higa, Joel | Paralegal | Commercial Litigation | 12.80 | $170 | $2,176.00 |
| Kmoch, Heidi | Paralegal | Commercial Litigation | 0.70 | $300 | $210.00 |
| Maag, Mary Lou | Paralegal | Financial Transactions & Restructuring | 39.20 | $235 | $9,212.00 |
| Sandvig, Ann | Paralegal | Financial Transactions & Restructuring | 12.20 | $290 | $3,538.00 |
| **Staff Hours & Fees, Blended Rate:** | | | 66.90 | $230.43 | $15,416.00 |
| **TOTAL FEES REQUESTED** | | | **329.15** | | **$189,773.50** |

**EXHIBIT D**

**Summary of Disbursements**

| Disbursement Category | Amount |
|---|---:|
| Computer Research | $1,573.07 |
| Electronic Discovery Database Hosting | $40.61 |
| Photocopies | $25.00 |
| Staff overtime assistance | $169.24 |
| Telephone conference calls | $101.25 |
| Travel expense | $400.37 |
| **Total Disbursements:** | **$2,309.54** |

**EXHIBIT E**

**January Statement**

Schuyler G. Carroll
Gary F. Eisenberg
Tina N. Moss
PERKINS COIE LLP
30 Rockefeller Plaza
22nd Floor
New York, NY 10112-0085
Telephone: (212) 262-6900
Facsimile: (212) 977-1649
scarroll@perkinscoie.com
geisenberg@perkinscoie.com
tmoss@perkinscoie.com
Attorneys for the Official
Committee of Unsecured Creditors


UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| PERSONAL COMMUNICATIONS | ) | Case No.  13-74303 (AST) |
| DEVICES, LLC, *et al.*[1], | ) | 13-74304 (AST) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |

### MONTHLY FEE STATEMENT OF PERKINS COIE LLP FOR THE PERIOD FROM JANUARY 1, 2014 THROUGH JANUARY 31, 2014

Perkins Coie LLP, counsel to the Official Committee of Unsecured Creditors (the

"Committee") of Personal Communications Devices, LLC and Personal Communications

Devices Holdings, LLC (collectively, the "Debtors"), hereby submits this monthly fee statement

for the period from January 1, 2014 through January 31, 2014 (the "Statement Period").  During

the Statement Period, Perkins Coie LLP earned compensation in the total amount of $189,773.50

and incurred expenses in the total amount $2,309.54.  Pursuant to the Order Pursuant to

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Personal Communications Devices, LLC, a Delaware limited liability company (4171) and Personal Communications Devices Holdings, LLC, a Delaware limited liability company (4096).  The Debtors' mailing address is 80 Arkay Drive, Hauppauge, Suffolk County, NY 11788.

11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Monthly Compensation and Reimbursement for Expenses of Professionals dated September 23, 2013 [Dkt. No. 135], if no objection is received to this statement within thirty five (35) days of the date hereof, the Debtors are authorized to pay 80% of the fees incurred or $151,818.80 plus 100% of the expenses incurred, for a total of $154,128.34. The balance of the fees are to be held back pending further order of the Court.  The following summarizes the time spent working for the Committee by Perkins Coie LLP's professionals:

| Professional | Title | Hours | Rate | Amount |
|---|---|---|---|---|
| Brown, Lester | Partner | 2.40 | $825 | $1,980.00 |
| Carroll, Schuyler | Partner | 16.90 | $855 | $14,449.50 |
| Chaudhary, Sabahat | Counsel | 1.25 | $675 | $675.00 |
| Collins, Allan | Project Coordinator | 2.00 | $140 | $280.00 |
| Eidenbach, Kirsten | Associate | 6.90 | $405 | $2,794.50 |
| Eisenberg, Gary | Partner | 5.20 | $670 | $3,484.00 |
| Gibbs, Charles | Associate | 15.60 | $380 | $5,928.00 |
| Higa, Joel | Paralegal | 12.80 | $170 | $2,176.00 |
| Jennings, Brian | Partner | 42.60 | $590 | $25,134.00 |
| Kmoch, Heidi | Paralegal | 0.70 | $300 | $210.00 |
| Maag, Mary Lou | Paralegal | 39.20 | $235 | $9,212.00 |
| Moss, Tina | Partner | 98.10 | $775 | $76,027.50 |
| Peterson, Richard | Partner | 1.20 | $850 | $1,020.00 |
| Raher, Stephen A. | Associate | 14.40 | $415 | $5,976.00 |
| Reingold, Barry | Partner | 40.50 | $730 | $29,565.00 |
| Reyes, Carla | Associate | 15.60 | $410 | $6,396.00 |
| Sandvig, Ann | Paralegal | 12.20 | $290 | $3,538.00 |
| Vanacore, Jeffrey D. | Counsel | 1.60 | $580 | $928.00 |

Detailed records of the tasks performed and the disbursements incurred are attached hereto as Exhibit A.

/s/  Tina N. Moss

**PERKINS COIE LLP**
30 Rockefeller Plaza
22nd Floor
New York, NY 10112-0085
Tel:  (212) 262-6900
Fax:   (212) 977-1649
Schuyler G. Carroll
Gary F. Eisenberg
Tina N. Moss

*Attorneys for the Official Committee
of Unsecured Creditors*

**EXHIBIT A**

**(Filed under seal per Order dated January 24, 2014)**

Schuyler G. Carroll
Gary F. Eisenberg
Tina N. Moss
PERKINS COIE LLP
30 Rockefeller Plaza, 22nd Floor
New York, NY 10112-0085
Telephone: (212) 262-6900
Facsimile: (212) 977-1649
scarroll@perkinscoie.com
geisenberg@perkinscoie.com
tmoss@perkinscoie.com
Attorneys for the Official
Committee of Unsecured Creditors

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 |
|  | ) |  |
| PERSONAL COMMUNICATIONS | ) | Case No. 13-74303 (AST) |
| DEVICES, LLC, *et al.*[5], | ) | 13-74304 (AST) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |

**CERTIFICATION OF TINA N. MOSS REGARDING
THE FIRST SUPPLEMENTAL APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR PERKINS COIE LLP FOR THE PERIOD
FROM JANUARY 1, 2014 THROUGH JANUARY 31, 2014**

I, Tina N. Moss, hereby certify that:

      1.     I am a partner with the applicant firm, Perkins Coie LLP (the "**Firm**"), which

serves as counsel to the Official Committee of Unsecured Creditors (the "**Committee**") of

Personal Communications Devices, LLC and Personal Communications Devices Holdings,

LLC (the "**Debtors**").

---

[5] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Personal Communications Devices, LLC, a Delaware limited liability company (4171) and Personal Communications Devices Holdings, LLC, a Delaware limited liability company (4096). The Debtors' mailing address is 80 Arkay Drive, Hauppauge, Suffolk County, NY 11788.

2.          This Certification is made in support of the Firm's First Supplemental Application for Compensation and Reimbursement of Expenses for Perkins Coie LLP for the Period from January 1, 2014 through January 31, 2014 (the "**Supplemental 0Application**"), in compliance with General Order 613, Amended Guidelines for Fees and Disbursements for Professionals in the Eastern District of New York Bankruptcy Cases, effective as of June 10, 2013 (the "**General Order**"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "**UST Guidelines**"), this Court's Order Pursuant to 11 U.S.C. §§ 105(a) and 331 Establishing Procedures for Monthly Compensation and Reimbursement for Expenses of Professionals dated September 23, 2013 [Dkt. No. 135] (the "**Administrative Order**"), and the Notice of Hearing on Applications for Interim Compensation Filed by Professionals Retained by the Debtors and the Committee dated February 13, 2014 [Dkt. No. 322].

3.          I certify that:

(a)          I have read the Application;

(b)          to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and expenses sought fall within the Guidelines;

(c)          the fees and disbursements sought are billed at rates and in accordance with practices customarily employed by the Firm and generally accepted by the Firm's clients; and

(d)          in providing the reimbursable services reflected in the Application, the Firm did not make a profit on those services, whether performed by the Firm in-house or through a third party.

4.          With respect to Section B(2) of the General Order, I certify that the Firm has complied with the provisions requiring it to provide to the U.S. Trustee for the Eastern District of New York and the Debtors and their attorneys a statement of the Firm's fees and expenses accrued during the previous month.

5.      With respect to Section B(3) of the General Order, I certify that the Debtors, their attorneys, and the U.S. Trustee for the Eastern District of New York are each being provided with a copy of the Application and this Certification.

New York, New York
Dated:  February 19, 2014

*/s/ Tina N. Moss*
Tina N. Moss
**PERKINS COIE LLP**
30 Rockefeller Plaza, 22nd Floor
New York, NY 10112
TMoss@perkinscoie.com
Telephone: (212) 262-6900
Facsimile: (212) 977-1649

*Attorneys for the Official Committee*
*of Unsecured Creditors*