UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re | Chapter 11 |
| PERSONAL COMMUNICATIONS DEVICES, LLC, *et al.*,[1] | Case No. 13-74303 (AST) <br> 13-74304 (AST) |
| Debtors. | (Jointly Administered) |

**ORDER (I) APPROVING DISCLOSURE STATEMENT;
(II) ESTABLISHING VOTING RECORD DATE, VOTING DEADLINE,
CONFIRMATION HEARING DATE AND OTHER RELATED DATES;
(III) APPROVING PROCEDURES FOR SOLICITING, RECEIVING,
AND TABULATING VOTES ON PLAN AND FOR FILING OBJECTIONS
TO PLAN; (IV) ESTABLISHING PROCEDURES WITH RESPECT TO CERTAIN
CLAIMS; (V) APPROVING THE MANNER AND FORMS OF NOTICE AND
OTHER RELATED DOCUMENTS; AND (VI) GRANTING RELATED RELIEF**

Upon the motion (the "***Motion***")[2] of the Debtors for entry of an order (i) approving the Disclosure Statement with respect to the Plan of Liquidation Under Chapter 11 of the United States Bankruptcy Code Proposed by the Debtors, (ii) establishing the voting record date, voting deadline, confirmation hearing date and other related dates; (iii) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan, (iv) establishing procedures with respect to certain claims; (v) approving the manner and forms of notice and other related documents and (vi) granting related relief; and the Court having reviewed and considered (i) the Disclosure Statement, (ii) the Motion, (iii) the adequacy of notice, and (iv) the evidence proffered or adduced at the hearing held before the Court on February 12, 2014 (the "***Disclosure Statement Hearing***"); and after due deliberation thereon, and good cause appearing therefor, the Court hereby finds as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Personal Communications Devices, LLC, a Delaware limited liability company (4171) and Personal Communications Devices Holdings, LLC, a Delaware limited liability company (4096). The Debtors' mailing address is 80 Arkay Drive, Hauppauge, Suffolk County, NY 11788.

[2] Capitalized terms not otherwise defined in this Order have the meanings ascribed to them in the Motion.

A.     On December 24, 2013, the Debtors filed (i) a proposed Disclosure Statement with Respect to the Debtors' Plan of Liquidation Under Chapter 11 of the United States Bankruptcy Code [Docket No. 254] and (ii) the Debtors' Plan of Liquidation Under Chapter 11 of the United States Bankruptcy Code [Docket No. 253].  On February 11, 2014, the Debtors filed (i) the proposed Disclosure Statement with Respect to the First Amended Plan of Liquidation under Chapter 11 of the United States Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors [Docket No. 320]  (as the same may be further amended, supplemented or superseded, the "***Disclosure Statement***") and (ii) the First Amended Plan of Liquidation under Chapter 11 of the United States Bankruptcy Code Proposed by the Debtors and the Official Committee of Unsecured Creditors [Docket No. 319] (as the same may be further amended, supplemented or superseded, the "***Plan***").  The Debtors and the Committee are the "***Plan Proponents***."

B.     The Disclosure Statement complies with the requirements of title 11 of the United States Code (the "***Bankruptcy Code***"), and the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***") and contains adequate information as that term is defined in Bankruptcy Code section 1125.  Specifically, but without limitation, the Disclosure Statement complies with the requirements of Bankruptcy Rule 3016(c) by sufficiently describing in specific and conspicuous bold language the provisions of the Plan that provide for releases and injunctions against conduct not otherwise enjoined under the Bankruptcy Code and sufficiently identifies the persons and entities that are subject to the releases and injunctions.

C.     The Debtors' notice to all parties in interest of the Disclosure Statement Hearing and the time fixed for filing objections to the Disclosure Statement was good and sufficient under the particular circumstances and no other or further notice need be given.

D.     The following solicitation schedule is fair and reasonable and hereby is approved:

| DATE | EVENT |
| --- | --- |
| February 12, 2014 | Voting Record Date |
| March 3, 2014 | Solicitation Mailing Date |
| March 5, 2014 | Deadline for Debtors to Object to Claims for Voting Purposes |
| March 19, 2014 | Deadline for Filing Rule 3018(a) Motions |
| April 2, 2014 at Noon (Prevailing Eastern Time) | Hearing to consider Rule 3018(a) Motions (if necessary) |
| April 2, 2014 at Noon (Prevailing Eastern Time) | Voting Deadline |
| April 2, 2014 at Noon (Prevailing Eastern Time) | Confirmation Objection Deadline |
| April 7, 2014 at Noon (Prevailing Eastern Time) | Deadline for the Plan Proponents to file: (i) any reply to objections to confirmation, (ii) official ballot tally and (iii) Affirmation in Support of Confirmation |
| April 9, 2014 at Noon (Prevailing Eastern Time) | Confirmation Hearing |

E.     The proposed solicitation procedures, as described more fully in the Motion, are fair and reasonable.

F.     The Debtors' proposed procedures for transmitting the Disclosure Statement, the Plan, the Ballots, and the voting instructions are adequate and comply with the requirements of Bankruptcy Rule 3017(d) and (e).

G.     Good and sufficient cause exists under Bankruptcy Rule 3017(d)(4) for the establishment of the Record Date as **February 12, 2014**.

H.  Good and sufficient cause exists under Bankruptcy Rule 3017(c) for the establishment of the Voting Deadline as **April 2, 2014 at Noon (Prevailing Eastern Time)**.

I.  The proposed procedures with respect to Disputed Claims, Contingent Claims, Unliquidated Claims and claims (a) that are either (i) not scheduled or (ii) scheduled in the Schedules and Statements at zero, as unknown or as disputed, contingent or unliquidated, and (b) that are not the subject of (i) timely-filed proofs of claim filed by the applicable Court-established bar date or (ii) proofs of claim deemed timely filed by an order of the Bankruptcy Court before the Voting Deadline, as described more fully in the Motion, are fair and reasonable.

J.  Upon the record of the Disclosure Statement Hearing and these cases, the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, their interest holders, and other parties in interest.  Accordingly,

**IT IS HEREBY ORDERED THAT**:

1.  The Motion is GRANTED.

2.  Notice of the Disclosure Statement Hearing was properly and timely given and was sufficient.  No further notice is necessary or required with respect to the Court's consideration of the Motion or the Disclosure Statement.

3.  <u>Objections Overruled</u>.  All objections to the adequacy of the information contained in the Disclosure Statement have either been resolved or hereby are overruled.

4.  <u>Approval of Disclosure Statement</u>.  Pursuant to Bankruptcy Rule 3017(b), the Disclosure Statement is approved as containing adequate information within the meaning of Bankruptcy Code section 1125(a).

5.  The Debtors are authorized to (i) make non-material changes to the Disclosure Statement and related documents (including the exhibits thereto and to the Motion)

and (ii) revise the Disclosure Statement and related documents (including the exhibits thereto) to add further disclosure concerning events occurring at or after the Disclosure Statement Hearing, before distributing it to each person and entity in accordance with the terms of this Order; *provided*, *however*, that the Debtors shall file copies with the Court of any changed pages blacklined to show such changes.

6. <u>Voting Record Date</u>.  Notwithstanding anything to the contrary in Bankruptcy Rule 3017(d), **February 12, 2014** shall be the record date (the "***Record Date***") for purposes of determining (i) creditors and interest holders entitled to receive Solicitation Packages and other notices and (ii) creditors entitled to vote to accept or reject the Plan that are entitled to receive a Solicitation Package and to vote on the Plan.  Only those holders of claims on the Record Date in Classes 3, 4a and 4b shall be entitled to vote or, with respect to the remaining classes, receive notice.

7. <u>Solicitation Mailing Deadline</u>.  The Voting Agent shall mail Solicitation Packages and other notices to the persons identified by the Record Date by **March 3, 2014** (the "***Solicitation Mailing Deadline***").

8. <u>Voting Deadline</u>.  Pursuant to Bankruptcy Rule 3017(c), **April 2, 2014 at Noon** (Prevailing Eastern time) (the "***Voting Deadline***") shall be the last date and time by which Ballots for accepting or rejecting the Plan must be received by the Voting Agent to be counted.  To be counted, Ballots must be returned to and actually received by the Voting Agent on or before the Voting Deadline by (i) mail, (ii) overnight delivery, (iii) hand delivery, (iv) facsimile or (v) electronic mail.

9. <u>Confirmation Hearing Date</u>.  The hearing to consider confirmation of the Plan (the "***Confirmation Hearing***"), as the same may be further modified or amended, shall

commence on **April 9, 2014** (the "*Confirmation Hearing Date*"), **at Noon** (Prevailing Eastern time), or as soon thereafter as counsel can be heard, before the Honorable Alan S. Trust, United States Bankruptcy Judge, at the United States Bankruptcy Judge, in Room 960 of the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York.  The Confirmation Hearing may be adjourned from time to time by announcing such adjournment in open court or otherwise, all without further notice to parties in interest.

        10.      <u>Content and Transmittal of Solicitation Packages</u>.  On or before the Solicitation Mailing Deadline, the Debtors shall cause Epiq Bankruptcy Solutions, LLC (the "***Voting Agent***") to transmit by first class mail to the holders of claims entitled to vote as of the Record Date, a solicitation package containing the following:

    (a)      the Confirmation Hearing Notice;

    (b)      the appropriate Ballot as set forth herein for the specific creditor, with appropriate voting instructions, in substantially the forms attached hereto as <u>Exhibit B</u> (as may be modified for particular classes and with instructions attached thereto), and a pre-addressed postage prepaid return envelope; and

    (c)      a copy of the Solicitation Procedures Order (without exhibits attached), the Disclosure Statement, the Plan, and the publicly filed materials appended thereto.

        11.      The Voting Agent shall transmit the Solicitation Package to:  (a) without a Ballot, (i) the United States Trustee, (ii) the Securities and Exchange Commission, and (iii) the Internal Revenue Service and (b) with a Ballot, creditors holding claims in a class designated as impaired and entitled to vote on the Plan.

        12.      <u>Ballots and Notices</u>.  The Debtors' proposed forms of ballots (the "***Ballots***"), in substantially the forms annexed to this order as <u>Exhibit B</u> (as may be specifically

modified for particular classes of claims), are hereby approved for use in connection with the Debtors' solicitation of votes to accept or reject the Plan.

13. The Unimpaired Creditors in Classes 1 and 2 are conclusively presumed to have accepted the Plan and solicitation of votes from those Creditors is not required. In lieu of a Ballot, holders of claims in Class 1 and Class 2 shall be sent the Confirmation Hearing Notice and the Unimpaired Creditor Notice, substantially in the form of Exhibit C to this order.

14. The Non-Voting Creditors in Classes 5, 6a and 6b are conclusively presumed to have rejected the Plan and solicitation of votes from those creditors and interest holders shall not be required. In lieu of a Ballot, holders of claims and interests in Classes 5, 6a and 6b, as well as holders of Disputed Claims, shall be sent the Confirmation Hearing Notice and the Notice of Non-Voting Status, substantially in the form of Exhibit D to this order.

15. The holders of claims in Classes 3, 4a and 4b to which the Debtors file an objection seeking to disallow the claim after the Solicitation Mailing Date and on or prior to March 5, 2014, shall be sent the Notice of Changed Voting Status, substantially in the form of Exhibit E to this order.

16. Service of all notices and documents described herein in the time and manner as set forth herein, including the service of the Confirmation Hearing, as described in the Motion, shall be adequate and sufficient and no other or further notice will be necessary.

17. When No Notice or Transmittal Necessary. The Debtors shall not be required to send Solicitation Packages to creditors whose claims already have been paid in full or that are authorized to be paid in full in the ordinary course of business pursuant to orders entered by this Court or the terms of the Plan, but the Debtors are authorized, in their sole discretion, to provide such parties with the Notice of Non-Voting Status attached hereto Exhibit D. The

Debtors shall not be required to give notice or effectuate service of any kind upon any person or entity to which the Debtors mailed a Disclosure Statement Hearing Notice and received any of these notices returned by the U.S. Postal Service marked "undeliverable as addressed," "moved - left no forwarding address," "forwarding order expired," or a similar reason for return of the notice, unless the Debtors have been informed in writing by that person or entity of the person's or entity's new address.

18. <u>Procedures For Vote Tabulation</u>.  Any Ballot timely received by a claimholder who is entitled to vote and that contains sufficient information to permit the identification of the claimholder and is cast as an acceptance or rejection of the Plan shall be counted and shall be deemed to be cast as an acceptance or rejection, as the case may be, of the Plan.  The foregoing general procedures will be subject to the following clarifications and exceptions:

(1) Unless otherwise provided in these tabulation rules, a claim will be deemed temporarily allowed for voting purposes only in an amount equal to:  (i) the liquidated, non-contingent, non-disputed amount of such claim as set forth in the Schedules; or (ii) if a proof of claim has been timely filed in respect of such claim, the liquidated, non-contingent amount set forth in such proof of claim;

(2) If a claim is deemed allowed under the Plan or in an order of the Court entered prior to the Record Date, such claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan or such order;

(3) If a claim was scheduled as contingent or unliquidated or disputed, undetermined or for $0.00, for which no proof of Claim has been filed, it is disallowed for voting;

(4) If a claim for which a proof of claim has been filed is contingent or unliquidated (as determined on the face of the claim or after a reasonable review of the supporting documentation by the Voting Agent) or partially contingent or unliquidated, the claim is temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, for that portion of the claim that is not

contingent or unliquidated, or, if the entire claim is reflected as contingent or unliquidated, in the amount of $1.00;

(5) If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, the claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution;

(6) If a claim that would otherwise be entitled to vote on the Plan and to which the Debtors have filed an objection to modify the claim in amount or classification by March 5, 2014, which objection has not been resolved, will have such claim allowed temporarily for voting purposes only, and not for purposes of allowance or distribution, in the amount or with the class set forth in the objection.

(7) Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate claims within the same voting class shall be provided with only one Solicitation Package and one ballot for voting a single claim in such class, regardless of whether the Debtors have objected to such duplicate claims;

(8) If a proof of claim has been amended by a later filed proof of claim, the later filed amending claim will be entitled to vote, and the earlier filed amended claim will not be entitled to vote, regardless of whether the Debtors have objected to such amended claim;

(9) Proofs of claim filed for $0.00 are not entitled to vote;

(10) For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one claim against the Debtors in such Class, and the votes related to such claims shall be treated as a single vote to accept or reject the Plan.

19. The following ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:

  (1)  Any Ballot received after the Voting Deadline unless the Plan Proponents have granted an extension in writing of the Voting Deadline with respect to that Ballot;

  (2)  Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

  (3)  Any Ballot cast by a person or entity that does not hold a claim in a class that is entitled to vote to accept or reject the Plan;

  (4)  Any Ballot cast in a manner that neither indicates an acceptance nor rejection of the Plan or that indicates both an acceptance and rejection of the Plan;

  (5)  Any Ballot cast for a claim scheduled as disputed, contingent or unliquidated and for which no proof of claim was (i) filed by the Court-established bar date or (ii) deemed timely filed by an order of the Bankruptcy Court before the Voting Deadline; and

  (6)  Any Ballot cast for a claim that is a Disputed Claim and for which no Rule 3018(a) Motion (defined below) has been filed by the Rule 3018(a) Motion Deadline (defined below).

20.  Notwithstanding Bankruptcy Rule 3018(a), whenever two or more ballots are cast voting the same claim or interest before the Voting Deadline, the latest dated ballot received before the Voting Deadline shall be deemed to reflect the voter's intent and thus to supersede any prior ballots; <u>provided</u>, <u>however</u>, that where an ambiguity exists as to which ballot was the latest transmitted, the Voting Agent is permitted to contact the voting party and calculate the vote according to the party's stated intent. The foregoing shall be without prejudice to the Plan Proponents' right to object to the validity of the second ballot on any basis permitted by law and, if the objection is sustained, to count the first ballot for all purposes.

21.  Parties who have delivered a valid ballot for the acceptance or rejection of the Plan may withdraw such acceptance or rejection by delivering a written notice of withdrawal to the Voting Agent at any time prior to the Voting Deadline. To be valid, a notice of withdrawal must (i) contain the description of the claims to which it relates, including, at a

minimum, the claim number from the Voting Agent's claim register and the aggregate principal amount represented by such claim(s), (ii) be signed by the withdrawing party in the same manner as the ballot being withdrawn, and (iii) contain a certification that the withdrawing party owns the claims and possesses the right to withdraw the vote sought to be withdrawn.  The Plan Proponents are permitted to consult with the Voting Agent to determine whether any withdrawals of ballots were received and whether the requisite acceptances of the Plan have been received.  The Plan Proponents shall have a right to contest the validity of any such withdrawals of ballots.  A purported notice of withdrawal of ballots which is not received in a timely manner by the Voting Agent will not be effective to withdraw a previously cast ballot.

(i)  Vote splitting shall not be permitted and creditors who vote must vote all their claims within a particular class either to accept or reject the Plan.

22. Confirmation Objection Deadline.  April 2, 2014 at Noon (Prevailing Eastern time) (the "*Confirmation Objection Deadline*") is fixed as the last date and time for filing and serving objections to confirmation of the Plan (the "*Confirmation Objections*").  Confirmation Objections, if any, must (i) be in writing, (ii) comply with the Bankruptcy Rules and the Local Bankruptcy Rules for the Eastern District of New York, (iii) set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against or in the Debtors, their estates, or their property, (iv) state with particularity the legal and factual bases for the objection, (v) be filed with the Bankruptcy Court together with proof of service, and (vi) be served by personal service, overnight delivery, or first-class mail, so as to be RECEIVED no later than the Confirmation Objection Deadline, by the following (collectively, the "*Notice Parties*"):

| **Debtors' Counsel** | **Counsel to the Committee** |
|---|---|
| Goodwin Procter LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, New York 10018<br>Attn:   Emanuel C. Grillo<br>            (egrillo@goodwinprocter.com)<br>            Matthew L. Curro<br>            (mcurro@goodwinprocter.com) | Perkins Coie LLP<br>30 Rockefeller Plaza<br>22nd Floor<br>New York, New York 10112<br>Attn:   Schuyler G. Carroll<br>            (scarroll@perkinscoie.com)<br>            Tina N. Moss<br>            (tmoss@perkinscoie.com)<br>            Gary F. Eisenberg<br>            (geisenberg@perkinscoie.com) |
| **Office of the United States Trustee** | |
| Office of the United States Trustee<br>Alfonse D'Amato Federal Courthouse<br>560 Federal Plaza<br>Central Islip, New York 11722<br>Attn:    Alfred M. Dimino<br>             (Al.M.Dimino@usdoj.gov) | |

Confirmation Objections not timely filed and served in the manner set forth above shall not be considered by the Court and shall be deemed overruled.

    23. <u>Rule 3018(a) Motions</u>.  The deadline for the filing and serving of motions requesting temporary allowance of a movant's claim or interest for purposes of voting pursuant to Bankruptcy Rule 3018(a) ("***Rule 3018(a) Motion(s)***") shall be 4:00 p.m. (Prevailing Eastern time) on March 19, 2014 (the "***Rule 3018(a) Motion Deadline***").  Rule 3018(a) Motions shall be filed with the Clerk of the Court and served on the Notice Parties in the manner set forth for objections to the confirmation of the Plan.  Any party timely filing and serving a Rule 3018(a) Motion shall be provided a provisional ballot upon request to the Voting Agent and be permitted to cast a provisional vote to accept or reject the Plan.  If, and to extent that, the Debtors and such party are unable to resolve the issues raised by the Rule 3018(a) Motion, the Court shall determine whether the provisional ballot should be counted as a vote on the Plan at a hearing to be held by the Bankruptcy Court on **April 2, 2014 at Noon** (Prevailing Eastern Time).

24. <u>Disputed Claims</u>.  Any holder of a claim, as defined in Bankruptcy Code section 101(5), to which the Debtors have filed or file an objection by **March 5, 2014** seeking to disallow the claim, and who would otherwise be entitled to vote on the Plan (such claims, the "***Disputed Claims***"), shall not be entitled to vote on the Plan and not be counted in determining whether the requirements of Bankruptcy Code section 1126(c) have been met with respect to the Plan (except to the extent and in the manner as may be set forth in the objection) (a) unless such holder has filed a Rule 3018(a) Motion as set forth above and had its claim temporarily allowed for voting purposes or (b) except to the extent that, on or before the Voting Deadline, the objection to such claim has been withdrawn or resolved in favor of the creditor asserting the claim.

25. Any holder of a claim to which the Debtors have filed or file **by March 5, 2014,** an objection requesting the Court to modify claims either in (a) amount or (b) Plan class shall be allowed to vote in the amount and class set forth in the Debtors' objection.  Solicitation Packages shall be transmitted to the appropriate parties based upon the Debtors' records as of the Record Date.

26. <u>Contingent Claims</u>.  Any person or entity who filed a proof of claim reflecting a claim or portion of a claim that is contingent and who would otherwise be entitled to vote on the Plan (such claims, the "***Contingent Claims***"), the Contingent Claim shall be allowed temporarily for voting purposes only, and not for purposes of allowance or distribution, for that portion of the claim that is not contingent or, if the entire claim is reflected as contingent, then the claim will be counted for purposes of determining whether a sufficient number of the allowed claims in the corresponding class has voted to accept the Plan, but the allowed amount of the

claim for voting purposes will be $1.00, subject to the right of such holder to file a Rule 3018(a) Motion as set forth above.

27.     Unliquidated Claims.  For any person or entity who filed a proof of claim reflecting a claim or portion of a claim that is unliquidated and who would otherwise be entitled to vote on the Plan (such claims, the "*Unliquidated Claims*"), the Unliquidated Claim shall be allowed temporarily for voting purposes only, and not for purposes of allowance or distribution, for that portion of the claim that is not unliquidated, or, if the entire claim is reflected as unliquidated, then the claim will be counted for purposes of determining whether a sufficient number of the allowed claims in the corresponding class has voted to accept the Plan, but the allowed amount of the claim for voting purposes will be $1.00, subject to the right of such holder to file a Rule 3018(a) Motion as set forth above.

28.     Unscheduled Claims or Claims Scheduled as Disputed, Contingent, or Unliquidated.  Pursuant to Bankruptcy Code section 105(a) and Bankruptcy Rule 3003(c)(2), any holder of a claim (a) that is either (i) not scheduled or (ii) scheduled in the Schedules and Statements at zero, as unknown or as disputed, contingent or unliquidated, and (b) that is not the subject of (i) a timely-filed proof of claim filed by the applicable Court-established bar date or (ii) a proof of claim deemed timely filed by an order of the Bankruptcy Court before the Deadline, shall not be treated as a creditor or equity security holder with respect to such claim or interest for purposes of voting on or objecting to the Plan.

29.     Confirmation Hearing Notice.  The form of notice of the Confirmation Hearing and the Confirmation Objection Deadline (the "*Confirmation Hearing Notice*") annexed hereto as Exhibit A is approved and shall be included in the Solicitation Packages and mailed to Unimpaired Creditors, Non-Voting Creditors and creditors holding Disputed Claims.

The Confirmation Hearing Notice complies with the requirements of Bankruptcy Rules 2002(c)(3) and 3017(f) by including in conspicuous bold language a statement that the Plan proposes releases, exculpations and injunctions against conduct not otherwise enjoined under the Bankruptcy Code, describing briefly the nature of the releases, exculpations and injunctions, identifying the persons and entities that are subject to the releases, exculpations and injunctions, and providing those persons and entities that are not receiving Solicitation Packages with contact information to obtain a copy of the Plan and Disclosure Statement.

30. <u>Plan Supplement</u>. The Debtors shall file the Plan Supplement by **April 3, 2014 at 5:00 p.m.** (Prevailing Eastern Time). Copies of the Plan, Disclosure Statement and related documents shall be available by accessing the Debtors' case information website at http://dm.epiq11.com/PCD, and may also be obtained upon reasonable written request to the Voting Agent, Epiq Bankruptcy Solutions, LLC at the following address:

| **If by overnight courier or messenger:** | **If by regular mail:** |
|---|---|
| Personal Communications Devices, LLC<br>c/o Epiq Bankruptcy Solutions, LLC<br>757 Third Avenue, 3rd Floor<br>New York, NY 10017 | Personal Communications Devices, LLC<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station PO Box 5014<br>New York, NY 10150-5014 |



**Dated: February 24, 2014**
**Central Islip, New York**

**Alan S. Trust**
**United States Bankruptcy Judge**