**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>PERSONAL COMMUNICATIONS DEVICES, LLC, et al.,<br><br>      Debtors.<br>DEVICES LIQUIDATION TRUST,<br><br>      Plaintiff,<br><br>  v.<br><br>PINEBRIDGE VANTAGE PARTNERS, L.P., *et al.*,<br><br>      Defendants.<br>DEVICES LIQUIDATION TRUST,<br><br>      Plaintiff,<br><br>  v.<br><br>PHILIP CHRISTOPHER e*t al.*,<br><br>      Defendants. | Chapter 11<br>(Jointly Administered)<br><br>Case No. 13-74303 (AST)<br><br><br><br><br><br><br><br><br><br>Adv. Pro. No. 13-08173 (AST)<br>(Consolidated) |

**ORDER PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE APPROVING SETTLEMENT AGREEMENTS BETWEEN THE TRUST AND CERTAIN DEFENDANTS**

Upon consideration of the *Motion of Devices Liquidating Trust Pursuant To Rule 9019 Of The Federal Rules Of Bankruptcy Procedure For Approval Of Settlement Agreements Between The Trust And Certain Defendants* (the "Motion") [Dkt. # 245], dated on or about December 5, 2016, filed by Devices Liquidating Trust (the "Trust") in its capacity as Liquidating Trustee for the bankruptcy estates of the above-captioned debtors Personal Communications Devices, LLC ("PCD") and Personal Communications Devices Holdings, LLC ("PCD Holdings"; together with

– 1 –

PCD, the "Debtors") seeking approval of the Settlement Agreements with the Settling Defendants executed and delivered on or about December 5, 2016, amongst the Trust, the Settling Defendants and National Union Fire Insurance Company of Pittsburgh, Pa. ("Insurer").

The Court having considered the Motion, the Settlement Agreements, and the prior proceedings in the above-captioned bankruptcy cases; any responses to the relief sought in the Motion; and the Court having conducted an evidentiary hearing on the Motion on January 23, 2017 (the "Hearing"); and upon the record made at the Hearing and decision reached at the conclusion thereof as stated on the record of a ruling conference held on January 25, 2017; and the Court having determined that the relief sought in the Motion is in the best interests of the Trust, its beneficiaries, the Debtors' creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation, sufficient cause appearing therefor; it is hereby

**FOUND, DETERMINED, ORDERED, AND ADJUDGED THAT:**

A. <u>Jurisdiction and Venue</u>.    This Court has jurisdiction over the Motion and the parties and property affected thereby pursuant to 28 U.S.C. §§ 157(b) and 1334.  This is a core proceeding.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. <u>Notice</u>.    Notice of the Motion and the Settlement and the relief requested therein was properly served, including upon all parties as required pursuant to the Plan and the Confirmation Order.

C. <u>Objections</u>.    All responses and objections that have been filed or raised to the Motion shall be, and hereby are, overruled in their entirety.

D. <u>Good Faith</u>.    Based upon the record before the Court, the Motion, and the Hearing, the Settlement Agreements were negotiated at arms' length and in good faith by the Trust,

the Settling Defendants and the Insurer. Entry into the Settlement Agreements is a reasonable and proper exercise of the Liquidating Trustee's and the Oversight Committee's business judgment and respective authority under the Trust, Plan and Confirmation Order, and the Settlement Agreements are entitled to approval as being within the range of reasonableness justifying settlement approval.

Accordingly, and it is hereby

**ORDERED AND ADJUDGED AS FOLLOWS:**

1. The relief sought in the Motion shall be, and hereby is, GRANTED as set forth herein.

2. Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and section 105(a) of the Bankruptcy Code, the Settlement Agreements are approved.

3. The Trust is hereby authorized to take any and all actions necessary and appropriate to effectuate the Settlement Agreements, including, but not limited to, executing, tendering and delivering all documents contemplated in the Settlement Agreements, with copies of such documents to be made available to parties upon written request.

4. Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and section 105(a) of the Bankruptcy Code, the releases contained in each of the Settlement Agreements are hereby approved in all respects and shall be effective in accordance with the terms of the Settlement Agreement.

5. The following defendants may seek reimbursement and/or payment of all actual, reasonable and necessary attorneys' fees and litigation expenses as follows: in the case of those incurred by Christopher not to exceed $775,000; in the case of Kastamonitis not to exceed $300,000; in the case of Nokes not to exceed $300,000; and in the case of Appling not to exceed

$400,000; all such payments to be sought pursuant to the terms of the Policies and all pursuant to the Defense Costs Order previously entered by this Court and as modified hereby; provided, further, that nothing contained in this Order shall impair the rights of any party who was previously authorized to seek reimbursement from the Policies by Orders of this Court.

6.  The Trust and the Settling Defendants, upon indefeasible payment of the Settlement Payment, are authorized and directed to execute and file the Stipulation of Dismissal.

7.  The failure to specifically include any particular provision of the Settlement Agreements in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that each Settlement Agreement be authorized and approved in its entirety and as modified by this Order.

8.  The Trust, the Liquidating Trustee, the Oversight Committee (and its members) shall not have or incur any liability for any act or omission in connection with, relating to, or arising out of the formulation, preparation, or negotiation of the Settlement Agreements, any of the terms thereof, and any documents contemplated thereby or related thereto, except with respect to any act or omission that is determined by a final order not subject to appeal to have constituted willful misconduct or gross negligence.

9.  This Court shall retain exclusive jurisdiction to resolve any disputes arising under or related to the Settlement Agreements and this Order, and to interpret, implement and enforce the provisions of the Settlement Agreement and this Order in all respects; *provided*, however, that in the event the Court abstains from exercising or declines to exercise such jurisdiction or is without jurisdiction with respect to the Settlement Agreements or this Order, such abstention, refusal, or lack of jurisdiction shall have no effect upon, and shall not control, prohibit, or limit the

Case 8-13-08303-ast    Doc 302    Filed 01/25/17    Entered 02/28/17 00:58:43

exercise of jurisdiction of any other court having competent jurisdiction with respect to any such matter.



Dated: January 25, 2017  
       Central Islip, New York

_____  
**Alan S. Trust**  
**United States Bankruptcy Judge**