**Hearing Date: May 13, 2020 @11:00 A.M,**
**Objection Deadline: May 6, 2020**

PERKINS COIE LLP
1155 Avenue of the Americas
22nd Floor
New York, New York 10036
Tel: (212) 262-6900
Fax: (212) 977-1636
Tina N. Moss
Gary F. Eisenberg
  for Wilmington Trust, N.A.,
  as Liquidating Trustee

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| PERSONAL COMMUNICATIONS DEVICES, LLC, *et al*.,[1] | Case No.   13-74303 (AST) <br> 13-74304 (AST) |
| Debtors. | Jointly Administered |

**MOTION OF LIQUIDATING TRUSTEE TO EXTEND TERMINATION**
**DATE OF THE DEVICES LIQUIDATION TRUST**

Wilmington Trust, N.A., in its capacity as Trustee (the "**Liquidating Trustee**") of the

Devices Liquidation Trust (the "**Liquidating Trust**"), submits this motion for entry of an order

extending the Liquidating Trust's termination date from May 20, 2020 to March 31, 2021. In

support of the motion, the Liquidating Trustee respectfully represents as follows:

**BACKGROUND**

1.  On April 29, 2014, the United States Bankruptcy Court for the Eastern District of

New York (the "**Court**") confirmed the First Amended Plan of Liquidation Under Chapter 11 of

the United State Bankruptcy Code Proposed by Personal Communications Devices, LLC and

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are:  Personal Communications Devices, LLC ("PCD"), a Delaware limited liability company (4171) and Personal Communications Devices Holdings, LLC, a Delaware limited liability company (4096).

147883323.1

Personal Communications Devices Holdings, LLC (collectively, the "**Debtors**") and the Official Committee of Unsecured Creditors (the "**Plan**"). The Effective Date of the Plan occurred on May 20, 2014.

2.  The Plan provided for, among other things, the establishment of the Liquidating Trust to liquidate and distribute assets of the estate for the benefit of holders of allowed general unsecured claims. The Liquidating Trustee was appointed thereunder to administer the Liquidating Trust. In accordance with the Plan and Liquidating Trust, the Liquidating Trustee is subject to the oversight of an Oversight Committee consisting of the following three creditors of the Debtors' estates: HTC America, Inc. (for itself and on behalf of HTC Corporation); TCT Mobile International Ltd.; and Huawei Technologies Co., Ltd.

3.  Section 8.1(a) of the Liquidating Trust Agreement and Declaration of Trust (the "**Liquidating Trust Agreement**") provides in relevant part as follows regarding the term of the Liquidating Trust:

> . . . in no event shall the Liquidating Trust be dissolved later than five (5) years from the Effective Date unless the Bankruptcy Court, upon motion within the six month period prior to the fifth anniversary (or at least six (6) months prior to the end of an extension period), determines that a fixed period extension (not to exceed an additional three years . . .) is necessary to facilitate or complete the recovery and liquidation of the Liquidating Trust Assets.

4.  Since the establishment of the Liquidating Trust, the Liquidating Trustee has diligently performed its duties under the Liquidating Trust Agreement, which include the Liquidating Trustee's continued efforts to liquidate all remaining Liquidating Trust assets and resolve all claims against the Debtors' estates.

5.  Having settled or otherwise resolved numerous contentious matters with respect to claims asserted by and against the Debtors' estates, the Liquidating Trustee is now near

completion of its administration of the Liquidating Trust.  The Liquidating Trustee was a party to two substantial litigations that were ultimately resolved by Court-approved settlements. Respectively, the two cases were styled *Devices Liquidation Trust v. PineBridge Vantage Partners, L.P*, and *Devices Liquidation Trust v. Philip Christopher*, consolidated as Case No. 8:13-cv-08173-AST.  In these cases, the Trustee asserted numerous causes of action against the Defendants, who included the Debtors' former equity owners, second lien lenders, and officers and directors.  Over the course of several years, the Liquidating Trustee and the Defendants in these actions engaged in extensive discovery and motion practice and participated in multiple mediation sessions and settlement discussions.

6. The Liquidating Trustee also reviewed and reconciled more than 150 proofs of claim filed against the Debtors' estates and filed multiple objections to claims with the Court, as well as multiple stipulations memorializing negotiated resolutions to claims as between the Liquidating Trustee and various claimants.  All claims have now been resolved.

7. The Liquidating Trust also commenced more than 75 adversary proceedings to recover preferential transfers and made written demands to recover preferential transfers from additional parties. At the time of the last extension that the Court granted, with one exception, all preference actions had been resolved. The one unresolved action was styled, *Devices Liquidation Trust v. M Seven System Limited*, Case No. 8:15-cv-08112-AST (the "**M Seven Action**").  In the M Seven Action, the Liquidating Trustee sought to avoid more than $1 million in preferential transfers made to the Defendant.   A settlement of the M Seven Action was reached in June 2019 in the amount of $75,000, yielding a net payment of settlement funds in the amount of $56,250 to the Liquidation Trust, in December 2019.

8. The Liquidating Trustee is also in possession of a defaulted promissory note with a principal amount outstanding of $2 million (the "**Q1W Note**"), which was executed and

delivered to the Liquidating Trust by Q1W Newco, LLC and guaranteed by Quality One Wireless, LLC, in partial consideration for the purchase of the Debtors' assets at a sale conducted early during the bankruptcy proceedings. The Liquidating Trustee has received no payments on the Q1W Note and is in the process of efforts to monetize and maximize recovery on account of the Q1W Note. This may include offsetting the obligations of Q1W under the Q1W Note against the unsecured claim of $1,100,000 previously allowed in favor of Q1W pursuant to a settlement approved by the Court regarding claims of The Goldie Group against the Debtors' estates. Such offset would reduce the principal amount of the Q1W Note to $900,000 but also enable the Liquidating Trustee to avoid distributions to Q1W on account of its $1,100,000 allowed claim. The Q1W Note as reduced could be a candidate for inclusion in a residual asset sale by the Liquidating Trustee, enabling the realization of additional funds for the Debtors' estates.

9.     The Liquidating Trust currently holds cash in the approximate amount of $6.85 million. For purposes of economy and efficiency, it is the Liquidating Trustee's intention to make a single final cash distribution to creditors once all Liquidating Trust assets have been liquidated. In view of the foregoing, the Liquidating Trustee will require additional time to resolve the Q1W Note, prepare for distributions to creditors, and wind-up the Liquidating Trust.

### RELIEF REQUESTED AND BASIS THEREFOR

10.    Under the Liquidating Trust Agreement, the Liquidating Trust is to be dissolved no later than five years from the Effective Date of the Plan, or May 20, 2019, absent order of the Court. Accordingly, the Liquidating Trustee now requests the entry of an order extending the termination date of the Liquidating Trust by approximately nine (9) months to March 31, 2021.

Previously, the Court had granted the Liquidating Trustee's motion to extend the termination date of the Liquidating Trust by one year to May 20, 2020.[2]

    11.    Section 8.1(a) of the Liquidating Trust Agreement provides as follows:

> The Trustee, the Liquidating Trust Oversight Committee, and the Liquidating Trust shall be discharged or dissolved, as the case may be, at such time as (i) the Trustee determines, with the prior approval of the Liquidating Trust Oversight Committee, that the prosecution of the Liquidating Trust Assets is not likely to yield sufficient additional Liquidating Trust Proceeds to justify further pursuit and (ii) all distributions required to be made by the Trustee under the Plan and the Liquidating Trust Agreement have been made, but in no event shall the Liquidating Trust be dissolved later than five (5) years from the Effective Date unless the Bankruptcy Court, upon motion within the six month period prior to the fifth anniversary (or at least six ( 6) months prior to the end of an extension period), determines that a fixed period extension (not to exceed an additional three years, together with any prior extensions, without a favorable letter ruling from the Internal Revenue Service that any further extension would not adversely affect the status of the trust as a liquidating trust for federal income tax purposes) is necessary to facilitate or complete the recovery and liquidation of the Liquidating Trust Assets.

    12.    The Liquidating Trustee believes a less-than-one-year extension of the current term is in the best interests of the beneficiaries of the Liquidating Trust and is necessary to carry out the Liquidating Trust's purposes of winding down the Debtors' affairs and liquidating the trust assets for the benefit of unsecured creditors. This is particularly so considering the global pandemic that is expected to impede sale of the residual assets for the best price for the Liquidating Trust. Given the status of the pending matters discussed above, it is not feasible for the Liquidating Trustee to conclude all outstanding and contested matters, make the final

---

[2] The Court appears not to have entered the actual order on the docket, but counsel for the Liquidating Trustee has sent an additional email with the proposed form of order to the Court.

- 5 -

distribution to the beneficiaries of the Liquidating Trust, and wind up the Liquidating Trust within the current term.

13. Because of the foregoing, an extension of the current term of the Liquidating Trust is necessary. Based on the facts and circumstances as explained above, the Liquidating Trustee believes an extension of less than one year is necessary to allow for the completion of the liquidation of the Liquidating Trust's assets, the distribution to unsecured creditors, and wind up of the Liquidating Trust.

14. The Liquidating Trustee reserves the right to request further extensions as necessitated by the facts and circumstances of the case.

WHEREFORE, the Liquidating Trustee respectfully requests that the Court enter an order extending the Liquidating Trust's termination date to March 31, 2021, and such other and further relief as the Court deems just and proper.

Dated: April 16, 2020
New York, New York

COUNSEL FOR WILMINGTON TRUST, N.A., AS LIQUIDATING TRUSTEE

*/s/ **Tina N. Moss***
PERKINS COIE LLP
1155 Avenue of the Americas
22nd Floor
New York, New York 10036-2711
Tel: (212) 262-6900
Fax: (212) 977-1636
Tina N. Moss
Gary F. Eisenberg
tmoss@perkinscoie.com
geisenberg@perkinscoie.com